JURY,TYPE–E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:24–cv–01193–RDM</u>
## *Internal Use Only*

| | |
|---|---|
| BIRCHINGTON, LLC et al v. SSHCOF II WASHINGTON DC, LLC et al | Date Filed: 04/23/2024 |
| Assigned to: Judge Randolph D. Moss | Jury Demand: Plaintiff |
| Case in other court:  Superior Court for the District of Columbia, 2024–CAB–002481 | Nature of Suit: 220 Real Property: Foreclosure |
| Cause: 28:1441 Petition for Removal | Jurisdiction: Diversity |

**<u>Plaintiff</u>**

**BIRCHINGTON, LLC**

represented by **Stuart Lewis Peacock**
LAW OFFICES OF STUART L. PEACOCK
1513 Varnu Street N.W.
Washington, DC 20005
202–714–6800
Email: <u>stuart.l.peacock@gmail.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**HABTE SEQUAR**

represented by **Stuart Lewis Peacock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**SSHCOF II WASHINGTON DC, LLC**

represented by **Teresa L. Jakubowski**
BARNES & THORNBURG LLP
555 12th Street, N.W.
Suite 1200
Washington, DC 20004
202–289–1313
Fax: 202–289–1330
Email: <u>teresa.jakubowski@btlaw.com</u>
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**PEACHTREE GROUP**
*doing business as*
PEACHTREE HOTEL GROUP II, LLC

represented by **Teresa L. Jakubowski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JAMES VAN HORN**
*Esq.*

**Defendant**

**KINSLEY CONSTRUCTION, INC.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/23/2024 | 1 | NOTICE OF REMOVAL from Superior Court for the District of Columbia, case number 2024–CAB–002481 Filing fee $ 405, receipt number ADCDC–10846871 filed by PEACHTREE GROUP d/b/a PEACHTREE HOTEL GROUP II, LLC, SSHCOF II WASHINGTON DC, LLC. (Attachments: # 1 Civil Cover Sheet)(Jakubowski, Teresa) (Entered: 04/23/2024) |
| | | *Main Document* |
| | | Attachment # 1 *Civil Cover Sheet* |
| 04/24/2024 | | NOTICE OF NEW CASE ERROR regarding 1 Notice of Removal,. The following error(s) need correction: Noncompliance with LCvR 5.1(c). Please file a Notice of Errata stating the error and attach the corrected initiating pleading to include the name & full residence address of each party and file using the event Errata. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (znmw) (Entered: 04/24/2024) |
| 04/24/2024 | 2 | ERRATA by PEACHTREE GROUP, SSHCOF II WASHINGTON DC, LLC re 1 Notice of Removal,. (Attachments: # 1 Amended Notice of Removal)(Jakubowski, Teresa) (Entered: 04/24/2024) |
| | | *Main Document* |
| | | Attachment # 1 *Amended Notice of Removal* |
| 04/24/2024 | | Case Assigned to Judge Randolph D. Moss. (znmw) (Entered: 04/24/2024) |
| 04/24/2024 | 3 | NOTICE to Counsel/Party re 1 Notice of Removal, (Attachments: # 1 Notice and Consent)(znmw) (Entered: 04/24/2024) |
| | | *Main Document* |
| | | Attachment # 1 *Notice and Consent* |
| 04/24/2024 | 4 | MOTION for Order Referring Case to U.S. Bankruptcy Court for the District of Columbia by PEACHTREE GROUP, SSHCOF II WASHINGTON DC, LLC. (See Docket Entry 1 to view document). (znmw) (Entered: 04/24/2024) |
| 04/24/2024 | 5 | Emergency MOTION for Temporary Restraining Order by BIRCHINGTON, LLC, HABTE SEQUAR. (Peacock, Stuart) (Entered: 04/24/2024) |
| 04/24/2024 | 6 | NOTICE by KINSLEY CONSTRUCTION, INC. re 4 Motion for Order, 1 Notice of Removal, (Schwartz, Joshua) (Entered: 04/24/2024) |
| 04/24/2024 | | MINUTE ORDER: Upon consideration of Defendants' motion to refer this case to the U.S. Bankruptcy Court for the District of Columbia, Dkt. 4 , it is hereby ORDERED |

that the motion is GRANTED. This case is hereby REFERRED to the U.S. Bankruptcy
Court for the District of Columbia for further proceedings. Signed by Judge Randolph
D. Moss on 4/24/2024. (lcrdm1) (Entered: 04/24/2024)

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BIRCHINGTON, LLC, and HABTE SEQUAR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. _____ |
| SSHCOF II WASHINGTON DC, LLC, PEACHTREE GROUP d/b/a PEACHTREE HOTEL GROUP II, LLC, JAMES VAN HORN, ESQ., and KINSLEY CONSTRUCTION, INC., | ) ) ) ) ) ) | Removed from Superior Court for the District of Columbia Case No. 2024-CAB-002481 |
| Defendants. | ) ) | |

### NOTICE OF REMOVAL AND
### REQUEST FOR REFERRAL TO BANKRUPTCY COURT

Pursuant to 28 U.S.C. §§ 157, 1334, 1441 and 1446, Defendants SSHCOF II Washington

DC, LLC ("SSHCOF") and Peachtree Group d/b/a Peachtree Hotel Group II, LLC ("Peachtree",

together with SSHCOF, "Defendants"), submit this Notice of Removal and Request for Referral

to the Bankruptcy Court (the "Notice of Removal") and give notice that the underlying civil action

is hereby removed to the United States District Court for the District of Columbia from the

Superior Court for the District of Columbia (the "Superior Court") where it was originally filed as

Case No. 2024-CAB-002481 (the "Superior Court Action") and request that the case be assigned

to the United States Bankruptcy Court for the District of Columbia, respectfully showing as

follows:

### <u>INTRODUCTION</u>

1.      On February 7, 2024, Welch Family Limited Partnership Four and Welch Family

Limited Partnership Nine (collectively, "Welch") filed an Involuntary Petition against Borrower,

1

initiating Bankruptcy Case No. 24-0036 (the "Bankruptcy Case"), in the United States Bankruptcy

Court for the District of Columbia (the "Bankruptcy Court"), which case remains pending.

2.    On February 9, 2024, SSHCOF filed a motion for relief from the automatic stay in

the Bankruptcy Case. (Case No. 24-0036, Doc. No. 6.)

3.    On March 15, 2024, the Bankruptcy Court entered its Order Granting Relief from

the Automatic Stay in favor of SSHCOF. (Case No. 24-0036, Doc. No. 62.)

4.    On April 22, 2024, Plaintiffs filed the Superior Court Action. Plaintiffs also filed

an Opposed Motion for Temporary Restraining Order (the "TRO Motion") seeking to enjoin

SSHCOF from conducting a foreclosure sale of Borrower's property located at 317 K Street,

Washington, DC (the "Property"), which sale is scheduled for April 25, 2024.

5.    As of the date of filing this Notice of Removal, Plaintiffs have not served

Defendants with the pleadings filed in the Superior Court Action or otherwise notified Defendants

that the case was filed. Rather, Defendants discovered the filing on April 22, 2024 as a result of

their own review of the Superior Court docket.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

6.    In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, motions

and orders filed in the Superior Court Action, including the Complaint and TRO Motion, are

attached hereto collectively as **Exhibit A**. In addition, as required, by 28 U.S.C. § 1446(d), a copy

of this Notice of Removal is being filed with the Superior Court and served upon counsel for

Plaintiffs.

7.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty

(30) days of receipt by or service on the Defendants of Plaintiffs' Complaint. Plaintiffs' Complaint

2

was filed on April 22, 2024. Defendants have not yet been served with the Complaint. Accordingly, this Notice is timely filed.

8.    As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(e).

9.    The Superior Court is located in the District of Columbia. *See* 28 U.S.C. § 88. Venue is proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

10.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Plaintiffs' counsel simultaneously with its filing, and a copy of this notice is being filed the Clerk of the Superior Court.

## GROUNDS FOR REMOVAL

11.    This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1334(e). Borrower is the subject of the Bankruptcy Case and Borrower's Property is property of the bankruptcy estate and under the exclusive jurisdiction of this Court. *See* 28 U.S.C. § 1334(e)(1).

12.    Therefore, the Superior Court lacks jurisdiction to rule on the relief requested by Plaintiffs in the Complaint and TRO Motion, which are currently pending in the Superior Court.

13.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

14.    Defendants all consent to removal of this action.

15.    By seeking removal, Defendants do not waive, and expressly reserve, all rights, defenses, or objections of any nature that they may have to Plaintiffs' claims. Defendants do not

waive any of their affirmative defenses as to sufficiency of process, sufficiency of service of process, jurisdiction, venue, failure to state a claim, failure to join a party, or any other affirmative defenses in this matter.

## REQUEST FOR REFERRAL TO BANKRUPTCY COURT

16.     District courts may refer all cases arising under or related to the Bankruptcy Court to the bankruptcy court for the district. See 28 U.S.C. § 157(a).

17.     Because the Borrower is the subject of the Bankruptcy Case, all of its assets, including but not limited to the Property, are considered property of the estate. *See* 11 U.S.C. § 541(a).

18.     Additionally, the Bankruptcy Court has already heard evidence and issued orders in connection with Borrower's Property and SSHCOF's rights in connection therewith.

19.     In the Complaint and TRO Motion, Plaintiffs seek relief with respect to the Property, which is property of Borrower's bankruptcy estate.

20.     Accordingly, Defendants respectfully request that the Superior Court Action be referred to the Bankruptcy Court as an adversary proceeding in the Bankruptcy Case.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the above-captioned matter currently pending the Superior Court for the District of Columbia be removed to the United States District Court and that the matter be referred to the Bankruptcy Court as an adversary proceeding in the Bankruptcy Case.

[SIGNATURE ON FOLLOWING PAGE]

This 23rd day of April, 2024.

Respectfully submitted,

**BARNES & THORNBURG LLP**

*/s/ Teresa L. Jakubowski*
**Teresa L. Jakubowski, Esq.**
DC Bar No. 443380
Teresa.Jakubowski@btlaw.com
555 12th Street, NW, Suite 1200
Washington, D.C. 20004
Phone:  (202) 371-6351

*/s/ Lisa Wolgast*
**Lisa Wolgast, Esq.** (Pro Hac Forthcoming)
Georgia Bar No.: 773399
Lisa.Wolgast@btlaw.com
**BARNES & THORNBURG LLP**
3340 Peachtree Road, NE, Suite 2900
Atlanta, GA 30326-1092
Phone:  (470) 832-7535

*Attorneys for SSHCOF II Washington DC, LLC,
and Peachtree Group*

5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BIRCHINGTON, LLC, and HABTE SEQUAR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. _____ |
| SSHCOF II WASHINGTON DC, LLC, PEACHTREE GROUP d/b/a PEACHTREE HOTEL GROUP II, LLC, JAMES VAN HORN, ESQ., and KINSLEY CONSTRUCTION, INC., | ) ) ) ) ) | Removed from Superior Court for the District of Columbia Case No. 2024-CAB-002481 |
| Defendants. | ) ) ) | |

## CERTIFICATE OF SERVICE

I hereby certain that on this day, the foregoing Notice of Removal was electronically filed using the Court's CM/ECF system which will send email notification of such filing to all counsel of record and that I served the foregoing via email and U.S. Mail as follows:

Stuart L. Peacock
Law Offices of Stuart L. Peacock
1513 Varnum Street NW
Washington, DC 20011
Stuart.1.peacock@gmail.com

Joshua L. Schwartz
126 East King Street
Lancaster, PA 17602
jschwartz@barley.com

Dated: April 23, 2024.

By: */s/ Teresa L. Jakubowski*_____
Teresa L. Jakubowski, Esq
D.C. Bar No. 443380

6

# Exhibit A

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Birchington, LLC, et. al.,

_____
Plaintiff

vs.

Case Number  **2024-CAB-002481**
_____

SSHCOF II WASHINGTON DC, LLC
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stuart Peacock

_____
Name of Plaintiff's Attorney

1513 Varnum Street NW

_____
Address
Washington, DC 20011

(202) 714-6800

_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____ **April 22, 2024**

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4

11





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Birchington, LLC, et. al.,

Demandante

contra

Número de Caso:

SSHCOF II WASHINGTON DC, LLC

Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Stuart Peacock, Esq.
_____
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

1513 Varnum Street NW
_____
Dirección
Washington, DC 20011

Por: _____

Subsecretario

(202) 714-6800
_____
Teléfono

Fecha _____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202)879-4828로 전화하십시요.      የአማርኛ ትርጉም ለማግኘት  (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés<br/>See reverse side for English original

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4

## Superior Court of the District of Columbia
### CIVIL DIVISION
### Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Birchington, LLC, et. al.,
_____
                                    Plaintiff

vs.

                                                    Case Number    2024-CAB-002481

PEACHTREE HOTEL GROUP II, LLC
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stuart Peacock
_____
Name of Plaintiff's Attorney

1513 Varnum Street NW
_____
Address
Washington, DC 20011

(202) 714-6800
_____
Telephone

*Clerk of the Court*

By _____
                    Deputy Clerk

Date _____
                    April 22, 2024

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.     የአማርኛ ትርጉም ለማግኘት (202) 879-4828  ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Birchington, LLC, et. al.,
_____
                                           Demandante

contra                                     Número de Caso: _____

PEACHTREE HOTEL GROUP II, LLC.,
_____
                                           Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Stuart Peacock, Esq.
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

1513 Varnum Street NW
_____          Por: _____
Dirección                                                        Subsecretario
Washington, DC 20011
_____

(202) 714-6800
_____          Fecha _____
Teléfono

如需翻譯,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

이것은소송으로인한소환임니다(202) 879-4828로전화하십시오           የአማርኛ  ትርጉም  ለማግኘት  (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Birchington, LLC, et. al.,
_____
                                                    Plaintiff

vs.                                                                  Case Number      2024-CAB-002481
                                                                                                  _____

JAMES VAN HORN, ESQ
_____
                                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stuart Peacock
_____
Name of Plaintiff's Attorney                                       *Clerk of the Court*

1513 Varnum Street NW
_____
Address                                        By  _____
Washington, DC 20011                                                        Deputy Clerk

(202) 714-6800
_____
Telephone                                       Date           April 22, 2024

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요    ያስፈልግ ትርጉም ለማግኘት  (202) 879-4828  ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                              Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Birchington, LLC, et. al.,

                              Demandante

contra

                                        Número de Caso: _____

JAMES VAN HORN, ESQ

                              Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Stuart Peacock, Esq.                             *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

1513 Varnum Street NW            Por: _____
Dirección
Washington, DC 20011                        Subsecretario

(202) 714-6800                Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828

만약 번역을 원하시면 (202) 879-4828로 전화주십시요   የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                             Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Birchington, LLC, et. al.,
_____
                          Plaintiff

vs.

Case Number _____ 2024-CAB-002481

KINSLEY CONSTRUCTION INC
_____
                          Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stuart Peacock
_____
Name of Plaintiff's Attorney

1513 Varnum Street NW
_____
Address

Washington, DC 20011

(202) 714-6800
_____
Telephone

*Clerk of the Court*

By _____
                          Deputy Clerk

Date _____ April 22, 2024

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요.    ያማርኛ ትርጉም ለማግኘት (202) 879-4828    翻译

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Birchington, LLC, et. al.,

_____
                                    **Demandante**

contra                                          Número de Caso: _____

KINSLEY CONSTRUCTION INC
_____
                                    **Demandado**

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Stuart Peacock, Esq.                          *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1513 Varnum Street NW                          Por: _____
_____
Dirección                                                  Subsecretario
Washington, DC 20011
_____

(202) 714-6800                                    Fecha _____
_____
Teléfono

如需翻譯,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

만약 번역이 필요하면(202) 879-4828 로 전화하십시오        764구요구 구입구 문요구운 (202) 879-4828  요구요

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

|  |  |  |
|---|---|---|
| BIRCHINGTON, LLC | ) |  |
| c/o Lima Hotels LLC | ) | Case No.: 2024-CAB-002481 |
| 400 North Capitol Street NW, Suite 790 | ) |  |
| Washington, D.C. 20001; and | ) |  |
|  | ) |  |
| HABTE SEQUAR | ) |  |
| 1219 K Street, NE, Suite 1100 | ) |  |
| Washington, DC 20002, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
| v. | ) |  |
|  | ) |  |
| SSHCOF II WASHINGTON DC, LLC | ) |  |
| Serve: c/o Cogency Global, Inc., | ) |  |
| 900 Old Roswell Lakes Parkway, Suite 310, | ) |  |
| Roswell, GA, 30076; | ) |  |
|  | ) |  |
| PEACHTREE GROUP d/b/a | ) |  |
| PEACHTREE HOTEL GROUP II, LLC | ) |  |
| Serve: c/o Cogency Global, Inc., | ) |  |
| 900 Old Roswell Lakes Parkway, Suite 310, | ) |  |
| Roswell, GA, 30076; | ) |  |
|  | ) |  |
| JAMES VAN HORN, ESQ., | ) |  |
| Serve: 555 12th Street NW, Suite 1200 | ) |  |
| Washington, DC 20004; and | ) |  |
|  | ) |  |
| KINSLEY CONSTRUCTION, INC., | ) |  |
| Serve: c/o CT Corporation System | ) |  |
| 1015 15th Street NW, Suite 1000, | ) |  |
| Washington, DC 20005, | ) |  |
|  | ) |  |
| Defendants | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COME NOW Plaintiffs BIRCHINGTON, LLC and HABTE SEQUAR and file this

Complaint against Defendants SSHCOF II Washington DC, LLC, PEACHTREE HOTEL GROUP

II, LLC, JAMES VAN HORN, ESQ., and KINSLEY CONSTRUCTION, INC., and states as follows:

## PRELIMINARY STATEMENT

Defendant SSHCOF II Washington, DC, LLC, owned by Defendant Peachtree Hotel Group II (collectively referred to herein as "Defendant Lenders") gave notice through Defendant Substitute Trustee James Van Horn, Esq. ("Defendant Substitute Trustee") of a non-judicial foreclosure auction to take place on April 25, 2024, at 11:00 a.m.  The newly constructed 247-room Hotel Property that Defendant Lender and Defendant Substitute Trustee plan to sell at auction is located at 317 K Street NW, Washington DC 20001 (the "Hotel Property" or the "Holiday Inn Express").  Plaintiffs Birchington, LLC ("Plaintiff Borrower") and Mr. Habte Sequar ("Plaintiff Guarantor") seek a temporary restraining order and preliminary injunction halting the April 25, 2024, auction by Alex Cooper Auctioneers, Inc. ("Auctioneer") and all other non-judicial foreclosure activities initiated by Defendant Lenders regarding the Hotel Property.

Immediate judicial intervention in the form of a temporary restraining order is necessary to prevent irreparable harm to Plaintiffs because: (1) the non-judicial foreclosure is being conducted on only 30-days' notice, which is not sufficient time to properly market the specialized Hotel Property, worth in excess of $100,000,000, for a competitive sale; (2) the non-judicial foreclosure sale will unfairly and unduly prejudice the Plaintiff Guarantor (3) under the circumstances, i.e. Defendant Substitute Trustee, with a direct conflict which prejudices Plaintiffs, has chosen to conduct a non-judicial sale to benefit Defendant Lenders as they intend on credit bidding the property at foreclosure sale.  Consequently, Plaintiffs are prejudiced by the fact that they cannot mitigate their guaranty of the Loan with a proper accounting, nor can Plaintiff's ensure that the Property will be sold at the highest value given that Defendant Substitute Trustee has a

direct conflict and has chosen to engage in a non-judicial sale with less than adequate notice for a

niche property worth over $100,000,000[1]. Put in perspective, if the property is worth over

$100,000,000 and the Loan amount is $85,000,000, then an adequately marketed sale, by way of

listing the property on the multiple list service, engagement of a real estate broker to offer for sale,

marketing nationwide to potential purchasers, etc. (all of the trappings of an arm's length sale) has

the potential of providing adequate equity sufficient to resolve any potential deficiency by Plaintiff

Guarantor and to pay unsecured creditors, which include debts to the District of Columbia

Government of approximately $1,000,000, who will receive nothing if the non-judicial sale is

allowed to go forward with no judicial intervention.

Plaintiff Borrower Plaintiff Guarantor have a substantial likelihood of success on the merits

as the foreclosure proceedings initiated by Defendants are predicated on alleged defaults and debts

that are grossly inflated and inaccurately portrayed due to Defendants' Breaches of contractual and

fiduciary duties. The complexities and significant disputes of fact inherent in these proceedings

merit a thorough examination at trial, rather than summary resolution through non-judicial

foreclosure methods which could unjustly enrich Defendants at Plaintiffs' expense. In light of the

substantive allegations of bad faith, Breach of contract, and other misconduct by Defendants, and

given the substantial evidence indicating that Defendants have engineered defaults to facilitate an

unjust takeover of the valuable property in question, it is both reasonable and necessary for this

Court to order a cessation of all non-judicial foreclosure activities and to set this matter on a trial

track. Such measures will ensure that all parties receive a fair opportunity to present their cases in

---

[1] The property is likely worth more than $500,000 per "key" [guest room] as is the going market rate for a property
of this type.  As an example, the "AC Hotel" which is down the street from the Holiday Inn Express was sold in
March 2024 for $535,000 per Key [the AC Hotel has more amenities and is a different product then the subject
Hotel, however it is similarly situated and has comparable utility—therefore a discount of $35,000 has been applied
for this example]. In this case the Holiday Inn Express has 247 rooms and would likely sell for $500,000 per unit
which yields a market value of $124,000,000.  Under this analysis the total equity in the property is $38,000,000.

full, safeguarding the principles of equity and justice central to our legal system. Plaintiffs hereby

plead for the Court's immediate and decisive action to prevent the imminent and wrongful loss of

Plaintiffs' property, the compromise of Plaintiff's rights, and to ensure a resolution that respects

the rights and interests of all parties involved.

## JURISDICTION AND VENUE

1.    This court has subject matter and personal jurisdiction over this matter based on

D.C. Code § 11-921. Venue is proper because the actions complained of herein occurred within

the District of Columbia.  The situs of the Hotel Property that is subject to the non-judicial

foreclosure auction scheduled for April 25, 2024, is in the District of Columbia.

## PARTIES

2.    Plaintiff Birchington, LLC ("Plaintiff Borrower") is a District of Columbia Limited

Liability Company located at 400 North Capitol Street NW, Suite 790 Washington, D.C.

20001.  Plaintiff Borrower is the owner and operator of the Holiday Inn Express located at 317

K Street NW, Washington, D.C. 20001.

3.    Plaintiff Habte Sequar ("Plaintiff Guarantor") is a natural person who is the sole

member and owner of Bembridge, LLC.  Bembridge, LLC in turn is the sole member owner

of Plaintiff Borrower.

4.    Defendant SSHCOF II Washington DC, also known as "Stonehill Strategic Hotel

Credit Opportunity Fund II," is a state of Georgia limited liability company with a registered

agent address of Cogency Global, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell,

GA, 30076, which Plaintiffs allege upon information and belief operates throughout the United

States ("Defendant Stonehill" or individually as "Defendant Lender").

5.    Defendant Lender Peachtree Group, doing business as "Peachtree Hotel Group II"

is a state of Georgia limited liability company with a registered agent address of Cogency Global, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076, which Plaintiffs allege upon information and belief operates throughout the United States ("Defendant Lender Peachtree").  Defendant Lender Peachtree owns and operates Defendant Stonehill, which is the lienholder on the Hotel Property.

6.  Defendants Peachtree and Stonehill are collectively referred to as ("Defendant Lenders").

7.  Defendant James Van Horn, Esq., is an individual doing business at 555 12th Street NW, Suite 1200, Washington, DC 20004 is the named Substitute Trustee named in the foreclosure notice ("Defendant Substitute Trustee").

8.  Defendant Kinsley Construction, is a District of Columbia foreign Corporation, organized in the Commonwealth of Pennsylvania, with registered agent CT Corporation System of 1015 15th Street NW, Suite 1000, Washington, DC 20005 ("Defendant Contractor").

**INVOLVED NON-PARTIES**

9. The Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine ("Welch") Loaned Three Million ($3,000,000) Dollars to Plaintiffs for the development of the Hotel ("Welch Loan").  All parties were aware of Welch and the fact that Welch was a third-party beneficiary to the development of the Holiday Inn Express.  In addition to the Welch Loan, Welch Family Limited Partnership Four provided credit assurance by way of a guaranty to Kinsley for the Kinsley Loan [*supra*] for the development of the Holiday Inn

Express in the amount of Two Million ($2,000,000) Dollars[2]

## FACTS COMMON TO ALL CLAIMS

10. On or around late 2017 Plaintiff Guarantor purchased 317 K Street NW, Washington DC 20001 for the development of the Holiday Inn Express.

11. On or around April 8, 2019, Plaintiff Borrower executed an AIA "Standard Form of Agreement between Owner and Contractor" (the "Construction Agreement") for the development of the Property where Defendant Contractor, Kinsley Construction, Inc., served as the "General Contractor" or "GC" for the construction of the Holiday Inn Express.  See Exhibit [A]        .

12. On or around May 2, 2019, Defendant Borrower and Defendant Lender executed a Construction Loan Agreement ("Construction Loan Agreement"). See Exhibit [B].

13. As part of the financing for the Hotel project, Plaintiff Guarantor executed and delivered to Defendant Contractor a Term Note in conjunction with a construction of the Hotel. The note was for the original principal amount of $2,000,000 or "such lesser sum as is actually owed to Lender under the Construction Agreement."[3]

14. On February 12, 2020, as part of the Construction Agreement, Defendant Contractor agreed to advance Two Million ($2,000,000) Dollars or "such lesser sum as is actually owed to Lender" ("Kinsley Term Note").  See Exhibit [C].

15. On or about June 13, 2019, Plaintiff Borrower and Welch entered into an "Indemnity Agreement" concerning the Holiday Inn Express, Plaintiff Borrower and the Construction Agreement with Defendant Contractor.

---

[2] Contractor sued Welch under the guaranty in Kinsley Construction, Inc. v. Welch, DC Superior Court, 2023-CAB-1727.
[3] Contractor sued Plaintiff Guarantor under the Term Note and Modification Agreement in Kinsley Construction, Inc.  v. Habte Sequar, DC Superior Court, 2023-CAB-001729.

16. The Indemnity Agreement and the Kinsley Note requires that Plaintiff Guarantor make all payments on the Kinsley Note.

17. The Indemnity Agreement contemplated that upon Defendant Contractor's completed performance of the Construction Agreement, Plaintiff Guarantor and Plaintiff Borrower would pay the remaining amounts owed to Defendant Contractor pursuant to the Construction Agreement.

18. Welch contracted with Defendant Contractor to guaranty the Kinsley Note, even though Welch is not a party to the Kinsley Note.

19. On or around May 2, 2019, parties Plaintiff Borrower as "Borrower" and Defendant Lenders as "Lender" executed a Promissory Note in the amount of Fifty-Five Million ($55,000,000) Dollars (the "Loan").

20. On or around May 2, 2019, parties Plaintiff Borrower as "Borrower" and Defendant Lenders as "Lender" executed a Deed of Trust in the amount of Fifty-Five Million ($55,000,000) Dollars (the "Deed of Trust"). See Exhibit [D].

21. The Holiday Inn Express, once completed, will consist of a 247-guest room, choice property, in the heart of the District of Columbia.

22. Defendant Contractor was compensated as GC by over Thirty Million ($30,000,000) Dollars, Plaintiff Borrower, when Defendant Contractor was not in fact entitled to the monies as it had failed to perform its duties pursuant to the Construction Agreement.

23. Defendant Contractor did not complete the Construction Agreement as contracted and as a result all parties to this lawsuit have been harmed and negligently damaged by Defendant Contractor's various Breaches, to wit:

    a.  The Construction Agreement provided that the Holiday Inn Express was to be delivered and ready to commence operations within "Five Hundred Forty (540)

calendar days from the date of commencement of the Work."

    b.   The "Commencement of Work" effectively began on April 8, 2019.

    c.   The "Date of Delivery" of the finished construction project by Defendant
Contractor was supposed to be September 29, 2020.

    d.   The "Actual Date of Delivery" of the finished construction project (technically the
construction remains unfinished as outlined below) by Defendant Contractor was
November 29, 2022.

    e.   The Actual Date of Delivery is some Twenty-Six (26) months after the agreed upon
Date of Delivery pursuant to the Construction Agreement.

    f.   Defendant Contractor failed to meet the Date of Delivery and therefore Breached
the Construction Agreement.

24. Defendant Contractor's Breach caused significant damages to the Plaintiffs.

25. Plaintiffs incurred pre-opening expenses of having to rebook guest reservations,
paying employees, services and advance expenses that were lost due to Defendant Contractor's
Date of Delivery Breach.

26. More significantly, Defendant Contractor's Breach made payment by the Plaintiff
Borrower of the Loan obligations to Defendant Lender impossible and ultimately put the
project in default and caused the bankruptcy of Plaintiff Borrower.

27. Defendant Contractor has also not completed performance of the Construction
Agreement as there are uncompleted rooms at the Holiday Inn Express, which Defendant
Contractor was required to complete, pursuant to the Construction Agreement and failed to
complete.

28.  Defendant Contractor also engaged in negligence, resulting in significant damage
to areas of the Holiday Inn Express after the Hotel opened, which resulted in substantial delays

and significant additional expenses, which pursuant to the Construction Agreement were the

Defendant Contractors responsibilities which it failed to meet at the detriment of Plaintiffs.

29.  By way of example, Defendant Contractor's negligent actions led to significant

flooding in the building which resulted in damage to approximately 50 rooms which required

that the rooms be rebuilt which to date have not been completed.

30. Defendant Contractor's negligence and failure to complete construction on the

Hotel rooms pursuant to the Construction Agreement constitutes a Breach of the Construction

Agreement.

31. Through information and belief, the cost to complete the construction of a Hotel

room in the District of Columbia is approximately Five Hundred Thousand ($500,000) Dollars

per Hotel room.

32. Through information and belief, the cost of Defendant Contractor's Breaches for

its failures and negligence in completing the Hotel Property has caused millions of dollars in

damages to Plaintiffs.

33. As a direct consequence of Defendant Contractor's Breaches, on February 20,

2023, Plaintiff Borrower filed a voluntary petition under chapter 11 of the Bankruptcy Code in

this Court, initiating Case No. 23-0057-ELG (the "First Bankruptcy Case").

34. At or around the time of the First Bankruptcy Case, Defendant Contractor instituted

a series of separate Collection Cases against Plaintiff Guarantor and Welch [*supra*] concerning

the Kinsley Note.

35. The First Bankruptcy Case was filed as a result of the collection and foreclosure

activities of Defendant Lender after Defendant Contractor failed to deliver the property by the

Delivery Date.

36. The Holiday Inn Express first opened its doors on or around December 1, 2022,

and within one month of the grand opening, Defendant Lender began collection and activities against Plaintiff Guarantor and Plaintiff Borrower ("Foreclosure Sale #1") despite the fact that Defendant Lender took part in distribution of construction draws to Defendant Contractor, knowing of Defendant Contractors Breaches and non-performance of the Construction Contract.

37. Defendant Lender was the actual catalyst that led to the First Bankruptcy Case because it had forced Plaintiffs into alleged defaults in spite of the fact that Defendant Lender chose to fund the construction funding draws and pushing Plaintiffs into a circumstance of having to in essence accept Defendant Contractors Breaches of failing to Delivery the Hotel Project timely whereby Plaintiffs could not support a Loan payment.

38. Prior to Foreclosure Sale #1, Defendant Lender had provided indications that Defendant Lenders wished to dispossess Plaintiffs from ownership and take the Hotel over as its own Hotel to own and operate, however by that point Plaintiff was unable to obtain new financing because Defendant Lender had poisoned the lending market for Plaintiff, which is more fully described below.

39. As a resolution to the First Bankruptcy Case, on June 1, 2023, Plaintiff Borrower entered into a Settlement Agreement with Defendant Lenders concerning the Loan. The Settlement Agreement provided, among other things, for the dismissal of the First Bankruptcy Case and certain payments to be made by Plaintiff Borrower to Defendant Lenders and required Plaintiff Borrower to obtain permanent financing by December 31, 2023—in spite of the fact that Defendant Lenders had allowed Plaintiff Borrower extensions of the Loan until March 2024 pursuant to the Construction Loan Agreement.

40. After the First Bankruptcy case was dismissed, Plaintiffs began a rigorous campaign of seeking out refinance opportunities which would "take out" the Defendant

Lenders Loan.

41. Plaintiffs were able to obtain a term sheet for refinancing from multiple lenders.

42. During Plaintiffs efforts to obtain more refinance of the Loan, Plaintiff Guarantor fully apprised Defendant Lender representatives of his efforts to obtain refinancing and included details such as the lenders that Plaintiffs were in contact with and the proposed Loan terms that proposed lenders were offering.

43. Through information and belief Defendant Lender utilized the information provided by Plaintiff Guarantor against him and made direct contact without his permission to the proposed refinance lenders.

44. Through information and belief Defendant Lender representatives acted to sabotage Plaintiffs effort in obtaining refinancing.

45. As a result of Defendant Lender's sabotage efforts, Plaintiffs were not able to obtain refinancing by the deadline imposed by the settlement agreement, which put Plaintiff Borrower into default.

46. While Plaintiff engaged in attempting to obtain financing and even after Plaintiffs were not able to obtain financing, Defendant Lender representatives indicated to Plaintiff that Defendant Lender would "work with him" and provided assurances that if Plaintiff Guarantor voluntarily signed the legal documents (modifications, settlement agreement, guaranty, etc.) that Defendant Lender would not foreclose and would give Plaintiffs additional time to get their refinancing in place.

47. On December 6, 2023, Defendant Lender notified Plaintiff Borrower that it was in default under the Settlement Agreement for alleged defaults.

48. On December 19, 2023, Plaintiff Borrower was notified that, because it failed to timely cure its defaults, the Settlement Agreement was terminated.

49. On December 21, 2023, Defendant Lenders marketed the Holiday Inn Express for a non-judicial foreclosure auction on February 8, 2024 ("Foreclosure Sale #2"), despite the fact that the Deed of Trust is ambiguous as to whether the "power of sale" clause was applicable under the circumstances—and that to maximize any sale price a judicial sale or a vigorous marketing campaign was in order.

50. On February 7, 2024, Welch filed an Involuntary Petition against Plaintiff Borrower in the United States District Court for the District of Columbia Bankruptcy Court Case No.: 24-00036 (the "Second Bankruptcy Case").

51. During the First Bankruptcy Case Defendant Contractor filed a mechanics lien against the Holiday Inn Express in the amount of $5,322,001.52, which remain unpaid through the Second Bankruptcy Case.

52. Plaintiffs and Defendant Lenders entered into various contractual agreements related to the financing and development of the Holiday Inn Express, which included the Construction Loan Agreement and other related financial arrangements which afforded Defendant Lender with powers not typically granted to a "Lender."

53. Throughout the course of their dealings, Defendant Lender exercised substantial control over the Hotel Property's financial and operational aspects, significantly beyond the scope typical of a mere lender. This control included, but was not limited to, decision-making authority in funding approvals, oversight of construction progress, and direct communications with contractors, specifically Defendant Contractor.

54. Defendant Lender was aware of and acquiesced in Defendant Contractor's Breaches of the Construction Agreement, specifically the late Delivery of the property, negligence and failure to complete construction, which directly affected Plaintiff's ability to pay the Defendant Lenders Loan.

55. Defendant Lender's actions demonstrated a level of involvement and control that effectively made it a partner in the project, thus creating an implied partnership and imposed greater duties as a contracting party between Defendant Lender and Plaintiffs.

56. Defendant Lender owns and operates over 100 Hotels nationwide, and part of its business model is in the capture and takeover of distressed Hotel properties, specifically undercapitalized projects, such as the Holiday Inn Express.

57. Defendant Lenders have utilized the business model of acquiring distressed Hotel properties to become a large market player in the Hotel industry, which affords Defendant Lenders the ability to take advantage of economies of scale, access to guest booking portals and the knowledge and acumen to capitalize on Plaintiffs financial distress.

58. In this case the Holiday Inn Express was "undercapitalized" because Defendant Lender, in contravention of the Construction Loan Agreement, withheld or failed to deliver moneys to Plaintiffs, as previously agreed, to make the project incapable of operation and appear as though Plaintiff Borrower was in default when in fact it was not in default under the terms of the implied partnership and based upon the explicate terms of the Construction Loan Agreement.

59. Defendant Lender is one of only a handful of lenders in the Hotel lending space and since Covid has been a dominant player in taking over undercapitalized projects and turning undercapitalized and underfunded projects and turning them into assets of the Defendant Lenders.

60. Defendant Lenders business model is predatory and negatively affect the markets that it enters to the detriment of the greater community.

61. Plaintiffs relied on Defendant Lender's representations and actions at the onset of the relation i.e. Defendant Lenders indicated to Plaintiffs that it was solely a lender—

"Stonehill" and only recently publicly acknowledging that Stonehill was actually owned and operated by Defendant Lenders.

62. Defendant Lenders led Plaintiffs to believe that it was committed to the project's success as a partner would be, acting solely in its capacity as a "lender" which was a lie.

63. Defendant Lenders Breached its duties under this implied partnership by prioritizing its interests at the expense of the project's success, such as by continuing to fund an underperforming contractor and by taking actions that led to financial strains on the project, ultimately culminating in its failure—so that Defendant Lender could inflate the Loan and make it impossible for Plaintiff to refinance and providing Defendant Lenders the opportunity to take over the Holiday Inn Express at foreclosure sale.

64. Defendant Lender's actions were contrary to the duty of good faith and fair dealing expected of a partner and expected in all of the agreements formulated with Plaintiffs and were aimed at undermining the project for Defendant Lender's own benefit, thereby breaching the implied partnership agreement and the contractual agreements with Plaintiffs.

65. Under District of Columbia law, an implied partnership is formed when parties act in a manner that demonstrates a joint business endeavor with shared profits and losses, mutual rights of control, and a fiduciary responsibility to each other.

66. Defendant Lenders extensive involvement in the management and financial aspects of the project, coupled with its significant control and decision-making authority, implied a partnership despite the absence of a formal partnership agreement.

67. The Construction Loan Agreement provided Defendant Lenders the power to act on behalf of Plaintiffs and to be a part of the construction project only held by partners and equity stake holders.

68. On or around February 2024, prior to the Foreclosure Sale #1, Defendant Lenders

14

and Defendant Contractor entered into an agreement, wherein Defendant Contractor released its mechanics lien against the property and made Defendant Lenders a party to the Construction Agreement without the consent of Plaintiffs.

69. The February 2024 agreement between Defendant Contractor and Defendant Lenders is further evidence of a partnership that was formed between Defendant Lender and Plaintiffs as Defendant Lender after the February 2024 agreement held all of the same contractual rights held by Plaintiff with Defendant Contractor, whereby Defendant Lender compounded its partnership in the project.

70. The Construction Loan Agreement contemplated that Plaintiff Borrower had a right to extend the Loan until March 2024.  However, through a series of transactions Defendant Lender disregarded Plaintiff Borrowers option of extending its obligations and instead made manufactured defaults of Plaintiff Borrower, which Defendant Lender then utilized as a basis for tacking on additional fees and origination costs in the millions of dollars at the expense of Plaintiff Borrower and at the expense of stabilizing the Hotel Project.

71. In other words, Defendant Lender did not standby its promise to extend the Loan until March 2024 and instead began an aggressive campaign to dispossess Plaintiff from the property within one month of the Hotel's opening.

72. On March 21, 2024, Peachtree Marketed the Holiday Inn Express for a non-judicial foreclosure auction on April 25, 2024 ("Foreclosure Sale #2").

73. Plaintiffs are informed and believe Foreclosure #1 and Foreclosure #2 are Defendant Lenders' attempt to intimidate and harass Plaintiffs from protecting their rights to an accurate accounting of the Loan, and their right to have the Hotel Property sold for the highest market price and maximize equity for all parties.

74. The payoff statements that have been wildly different over the course of the

15

Peachtree Loan as another example of how Defendant Lender's practices were geared towards underfunding the project and making it impossible to determine the amount necessary for new financing and to make it impossible to obtain new financing.

75. Defendant Lender Peachtree assesses Attorney Fees of $6,523,479.59, allegedly based on a Georgia statute, that are unconscionable and usurious. Attorney fees amounted to over 12% of the face value of the original Loan amount and were compounded with additional interest accrued that amounted to over 13% of the face value of the note.

76. In a period of two and a half years the Peachtree Loan almost doubled, and Plaintiff Borrower had been paid interest during this period, which is not reflected in any of the payoff amounts that have been provided by Defendant Lenders.[4]

77. To date Plaintiff Borrower has not been provided an accounting of the Loan despite requests for an accounting.

78. Through information and belief, the Property is currently worth more than $110,000,000, which leave equity in the property to pay to Plaintiffs and creditors of Plaintiffs.

79. The Deed of Trust is ambiguous and under the circumstances warrant that a substitute trustee requires a judicial foreclosure with sufficient marketing to obtain the greatest market value at sale that is possible.

80. A judicial sale makes the most sense under the circumstances as Plaintiffs would have an opportunity to maximize its equity stake in the property and to deter Defendant Lenders from obtaining a windfall at the expense of Plaintiffs and Plaintiff creditors and guarantors.

81. The various contracts involved in this case contain an implied covenant obligating

---

[4] The Loan increased by $31,486,650.07 on an investment of $54,583,059.13 in approximately two years—during which much of the time the Hotel Project remained unfinished and unopened.

the parties to act in good faith and fair dealing which in this case have been woefully Breached by Defendants.

82. Throughout the development of the Holiday Inn Express Defendant Lenders and Defendant Contractor engaged in actions that were wrongful and which unjustly enriched these Defendants at the expense of Plaintiffs.

83. Defendant Lenders by orchestrating Foreclosure Sales 1-3, under questionable circumstances, and by leveraging its role both as a lender and an implicit partner, accrued benefits that were disproportionate to the agreed-upon terms of their lending and partnership agreements.

84. Defendant Lenders actions were aimed at acquiring the property through non-judicial foreclosure, which lacks transparency, thus capitalizing on the artificially deflated value of the Hotel due to the breaches and mismanagement attributed to Defendants.

85. Defendant Contractor received payments for construction work that was either incomplete or not up to the standards required by the Construction Agreement. Despite these shortcomings, Defendant Contractor retained these funds, which rightfully should either have been returned to the Plaintiffs or used to complete the construction as originally contracted.

86. The retention of funds and benefits under these circumstances by all mentioned Defendants has resulted in them holding property—monetary and potentially real—that in equity and good conscience should belong to Plaintiffs. This situation has unjustly deprived Plaintiffs of resources and property that would otherwise have been available to fulfill their obligations and support the successful completion and operation of the Hotel.

87. Under District of Columbia law, a constructive trust is an equitable remedy that may be imposed to prevent unjust enrichment when property has been wrongfully acquired or held by a party in circumstances where it is inequitable for them to retain it.

88. Plaintiffs have entered into financial and contractual relationships with Defendants Lender Peachtree and Defendant Contractor, which have involved substantial sums of money intended for the development and completion of the Holiday Inn Express property at 317 K Street NW, Washington, DC.

89. Defendant Lender Peachtree, as the lender and financial overseer, and Defendant Contractor, as the general contractor, were responsible for the proper management, allocation, and use of the funds provided for the construction and development of the Hotel Property. Both Defendants had access to and control over financial resources critical to the project's success.

90. Throughout the project, there have been numerous financial transactions, payments, and adjustments involving substantial amounts of money under the control of Defendant Lender Peachtree and Defendant Contractor. These transactions include but are not limited to Loans, advances, construction payments, penalties, and alleged defaults.

91. Plaintiffs have requested detailed accounts from Defendant Lender Peachtree and Defendant Contractor on multiple occasions to understand the allocation and status of funds, especially in light of the project's financial difficulties and subsequent disputes regarding performance under the contracts and alleged defaults.

92. Despite these requests, Defendants Peachtree and Defendant Contractor have failed to provide a full and transparent accounting that clarifies how every dollar was spent, which payments were made to whom, and the justifications for any charges or allocations that have significantly impacted the project's financial health.

93. The failure of Defendants to provide such accounting has prevented Plaintiffs from accurately assessing the financial status of the project, verifying the legitimacy of the alleged defaults, and defending against the foreclosure and other legal actions initiated by Defendant Lender Peachtree.

18

94. Under District of Columbia law, when a party has control over financial dealings or property of another and those financial dealings are complex and opaque, the court may order an accounting to clarify how the managed funds have been used, particularly when such accounting is necessary to resolve disputes related to mismanagement or misappropriation.

95. Plaintiffs allege that the complexity of the financial transactions, combined with the substantial amounts of money involved and the disputes regarding their proper management and allocation, necessitates a court-ordered accounting from Defendant Lender Peachtree and Defendant Contractor.

96. Plaintiffs further allege that without such an accounting, it is impossible to ascertain the exact financial position of the project, to verify the claims made by Defendants regarding defaults and other liabilities, and to ensure that all financial actions taken by Defendants were in accordance with their contractual and fiduciary duties.

**COUNT I.**
**BREACH OF CONTRACT**
**(AS TO PEACHTREE AND KINSLEY)**

97. Plaintiffs hereby incorporate by reference, as if fully stated herein, all the preceding paragraphs of this complaint.

98. On or around May 2, 2019, Plaintiffs entered into a Construction Loan Agreement with Defendant Lender Peachtree, wherein Peachtree agreed to fund the construction of the Holiday Inn Express under specific terms and conditions that were mutually agreed upon.  See Exhibit [B].

99. Concurrently, Plaintiffs had entered into a Construction Agreement with Defendant Contractor, which was tasked with the construction of the Hotel Property in accordance with the terms specified in the agreement.  See Exhibit [A].

19

100.     Defendant Lender Peachtree Breached the Construction Loan Agreement by failing to act in good faith towards Plaintiffs. This Breach is evidenced by Defendant Lender Peachtree's failure to disclose its own conflicting interests in the project as a lender who also sought to acquire distressed properties. Peachtree's actions—or strategic inactions—regarding the financial support of the construction project were not in alignment with the agreed terms but were instead aimed at positioning the property for foreclosure and subsequent acquisition.

101.     Additionally, Defendant Lender Peachtree's continued funding of Defendant Contractor despite clear signs of underperformance and delay constitutes a Breach of their agreement to oversee and manage the Loan funds responsibly, ensuring they were used effectively for the project's completion as stipulated.

102.     Defendant Contractor Breached the Construction Agreement by failing to complete the project within the contractual timeline—540 calendar days from the commencement of work—and by failing to meet the quality and specific construction benchmarks agreed upon. The Delivery time Breach was failing to meet the agreed Delivery Date, and the failure to complete the construction and negligence Breach involved not completing essential parts of the Hotel, namely leaving rooms unfinished and commiting negligence that caused flooding damages to fifty rooms.

103.     These Breaches by Defendant Contractor were not just minor oversights; they were akin to a builder constructing a skyscraper but omitting the top floors, fundamentally compromising the structure's purpose and value.

104.     Under District of Columbia law, a Breach of contract occurs when one party fails to perform any term of a contract without a legitimate legal excuse. This includes not performing on time, not performing in accordance with the terms of the agreement, or not performing at all.

20

105.     Plaintiffs assert that both Defendant Lender and Defendant Contractor have

materially Breached their respective contracts through actions and omissions that have directly

resulted in significant losses and damages to the Plaintiffs, including but not limited to the cost

overruns, delays, and loss of potential revenue from the Hotel's operation and the total

financial ruin of Plaintiffs based upon the actions of Defendants.

**WHEREFORE,** Plaintiffs seek compensatory damages from Defendant Lender Peachtree

and Defendant Contractor for the financial losses incurred due to these Breaches, including

additional construction costs, lost revenue, and other expenses directly related to the Defendants'

failure to perform as contracted.  Plaintiffs also seek declaratory relief to have the terms of the

contracts specifically enforced or, alternatively, to have the contracts rescinded due to the

Breaches.  Plaintiffs be provided with an accounting of all monies received and expended

pursuant to the contracts  Plaintiffs request the Court to establish a constructive trust for any

proceeds of any foreclosure auction or sale until such time as Defendants have provided

Plaintiffs with a full accounting. Further, Plaintiffs request any other relief this Court deems just

and appropriate under the circumstances to remedy the Breaches of contract.

### COUNT II.
### BREACH OF FIDUCIARY DUTY
### (AS TO JAMES VAN HORN AND PEACHTREE)

106.     Plaintiff hereby incorporate by reference, as if fully stated herein, all the

preceding paragraphs of this complaint.

107.     Plaintiffs allege that Defendant Lender Peachtree, in its capacity as lender

and hidden competitor, Breached its fiduciary duties by failing to disclose conflicts of interest

and by funding failing Defendant Contractor, thereby setting Plaintiffs up for financial failure.

108.     Defendant Lender Peachtree, in its role as lender and financial overseer, and

Defendant James Van Horn, Esq., in his role as Substitute Trustee handling the foreclosure process, owed fiduciary duties to Plaintiffs including the duties of care, loyalty, and good faith.

109.    Defendant Lender Peachtree's involvement and control over the financial and operational aspects of the Hotel development project went beyond that of a typical lender. Defendant Lender Peachtree had a fiduciary duty to act in the best interests of the project, considering its substantial influence and control over funding, budgeting, and financial management decisions critical to the project's success.

110.    James Van Horn, Esq., as the Substitute Trustee, was entrusted with the duty to manage the foreclosure process impartially and responsibly, ensuring that all actions taken were in the best interest of all parties involved, including the Plaintiffs.

111.    Defendant Lender Peachtree Breached its fiduciary duties by prioritizing its own interests over those of the project and Plaintiffs. This Breach is evidenced by Defendant Lender Peachtree's continued funding of an underperforming contractor, Defendant Contractor, its failure to disclose conflicts of interest, and its actions leading to the financial distress of the project.

112.    Furthermore, Defendant Lender Peachtree's aggressive push towards foreclosure, based on allegedly inflated defaults and without providing a fair opportunity for Plaintiffs to cure any alleged defaults, further illustrates its disregard for the fiduciary duties owed to Plaintiffs.

113.    James Van Horn, Esq., Breached his fiduciary duties by not acting impartially in managing the foreclosure process. His actions were aligned more with the interests of Defendant Lender Peachtree, thereby failing to safeguard the interests of Plaintiffs as required by his role. This alignment is further demonstrated by the expedited and non-transparent manner in which the foreclosure notices were issued, utilizing a non-judicial

22

method when the Deed of Trust calls for a judicial foreclosure under the circumstances and failing to adequately market the property for sale.

114.     Under District of Columbia law, a fiduciary duty arises when one party places trust in another with a corresponding obligation to act primarily for the benefit of the party bestowing that trust. Both lenders with substantial control over a borrower's business operations and Trustees overseeing foreclosure processes are recognized as fiduciaries with respect to the affected parties.

115.     The actions of Defendant Lender Peachtree and James Van Horn, Esq., demonstrate clear Breaches of these duties by placing their interests, or the interests of one party over another, in direct conflict with their obligations to act fairly and impartially towards Plaintiffs.

**WHEREFORE,** Plaintiffs seek compensatory damages for losses incurred as a result of these Breaches of fiduciary duty, in an amount to be determined at trial. Plaintiffs also seek equitable relief, including an injunction to prevent any further foreclosure actions against the Holiday Inn Express property until these fiduciary Breaches are fully adjudicated. Further, Plaintiffs request any other relief this Court deems just and proper to rectify the harm caused by these Breaches of fiduciary duty.

### COUNT III.
### DECLARATORY RELIEF
### (AS TO PEACHTREE)

116.     Plaintiffs restate and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

117.     Through their dealings and the nature of their agreements, an implied partnership was formed between Plaintiffs and Defendant Lender Peachtree, as detailed in

earlier counts. This partnership necessitated fiduciary responsibilities similar to those in an explicit partnership, including transparency, good faith, and fair dealing in the management of the project and related financial undertakings.

118.    The Deed of Trust executed on May 2, 2019, between Plaintiff Borrower as Borrower and Defendant Lender Peachtree as Lender for the construction of the Holiday Inn Express, outlines the security and repayment terms for the provided funds and the required steps required to enforce the Deed of Trust.  See Exhibit [D]. The terms of this Deed of Trust, coupled with District of Columbia law, dictate that a judicial sale is required to resolve any disputes over the property and to ensure all parties' interests are equitably managed.

119.    Despite these requirements and the fiduciary duties implied by the partnership, Defendant Lender Peachtree has initiated non-judicial foreclosure actions, which Plaintiffs contend are not only appropriate given the complex financial and operational interdependencies but also contrary to the terms of the Deed of Trust and the legal protections afforded to them under District of Columbia law.

120.    Plaintiffs allege that the non-judicial foreclosure process initiated by Defendant Lender Peachtree is designed to circumvent the judicial scrutiny required to untangle the intricacies of the implied partnership's financial entanglements and to expedite the acquisition of the property by Defendant Lender Peachtree at a significantly undervalued price, to the detriment of Plaintiffs and other stakeholders.

121.    Plaintiffs seek a judicial declaration that: 1.) An implied partnership exists between Plaintiffs and Defendant Lender Peachtree, imposing fiduciary duties that influence the management of the project and any dispute resolution processes, including foreclosures, distribution of payments, sale and marketing of the property and management of the funds received from the operation of the Hotel Property, 2.) The Deed of Trust, as well as pertinent

District of Columbia statutes, require a judicial sale process in the event of a foreclosure to ensure that such a sale is conducted fairly and transparently, thereby protecting the interests of all parties involved.

122.     Such a declaration is essential not only to prevent the imminent and improper foreclosure of the property but also to affirm the rights and duties of the parties under the complex legal and contractual arrangements governing their relationships.

**WHEREFORE,** Plaintiffs request the Court issue a declaratory judgment stating that the implied partnership conditions require adherence to fiduciary duties by Defendant Lender Peachtree and that the terms of the Deed of Trust necessitate a judicial sale rather than a non-judicial foreclosure auction.  Plaintiffs also seek an injunction based on this declaration, to halt the current non-judicial foreclosure proceedings initiated by Defendant Lender Peachtree and to mandate that any future foreclosure actions proceed only through a judicial sale.  Further, Plaintiffs seek any other relief this Court finds just and appropriate under the circumstances to enforce the terms of the agreements and the law.

### COUNT IV.
### INJUNCTIVE RELIEF
### (AS TO PEACHTREE)

123.     Plaintiffs restate and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

124.     Defendant Lender Peachtree has initiated foreclosure actions against the Holiday Inn Express property, purportedly based on defaults under the financial agreements between Defendant Lender Peachtree and Plaintiffs. These actions threaten to deprive Plaintiffs of their property and investment under circumstances that Plaintiffs allege involve substantial misrepresentations and Breaches of fiduciary duty by Defendant Lender Peachtree

and Defendant Substitute Trustee.

125.     Plaintiffs contend that the foreclosure proceedings have been conducted in a manner that lacks transparency and fairness, involving the artificial inflation of debts and the manipulation of contractual Breaches to trigger defaults unjustly.

126.     The imminent non-judicial foreclosure auction scheduled by Defendant Lender Peachtree is likely to result in the property being sold at a significantly undervalued price, which would cause irreparable harm to Plaintiffs by stripping them of their property and equity contained therein and the potential to recover their investment through more equitable means.

127.     The actions of Defendant Lender Peachtree, if not enjoined, will result in Plaintiffs losing their legal and equitable interests in the property permanently, and the harm to Plaintiffs would be immediate and potentially irreversible, as it would prevent them from realizing the full value of their investment and from continuing their business operations at the location.

128.     District of Columbia law allows for injunctive relief when a party demonstrates that they are likely to suffer irreparable harm in the absence of such relief, that there are no adequate remedies available at law, that they have a likelihood of success on the merits of their underlying claims, and that the public interest would be served by the issuance of an injunction.

129.     Plaintiffs have shown that they are likely to suffer irreparable harm if the foreclosure sale proceeds, as they would lose their property and the business it supports without just compensation or due process of law, given the alleged improper actions of Defendant Lender Peachtree.

130.     Plaintiffs assert that they have a substantial likelihood of success on the

26

merits of their claims for Breach of contract, Breach of fiduciary duty, and other related claims as detailed in this complaint.

131.      The public interest favors an injunction, as it supports the enforcement of fair business practices and the prevention of unjust enrichment and abuse of the foreclosure process.

**132.      WHEREFORE**, Plaintiffs seek an order from this Court enjoining Defendant Lender Peachtree from proceeding with the non-judicial foreclosure auction of the Holiday Inn Express property scheduled on April 25, 2024, and from taking any further actions to foreclose on the property while this case is pending.  Plaintiffs request that this Court issue a preliminary and permanent injunction to prevent irreparable damage to their property rights and interests.  Plaintiffs also seek any other relief this Court deems just and appropriate under the circumstances to preserve the status quo and protect Plaintiffs' interests until the resolution of this legal action.

**COUNT V**
**UNJUST ENRICHMENT**
**(AS TO ALL DEFENDANTS)**

133.      Plaintiffs restate and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

134.      Throughout the course of the Hotel development project, each Defendant engaged in actions or inactions that conferred financial benefits upon themselves, which were unjustly retained at the expense of Plaintiffs without proper compensation or justification.

135.      Defendant Lender Peachtree, through its roles as lender and alleged partner, received payments and accrued interest under the terms that were significantly inflated due to the alleged defaults and fees that Plaintiffs contend were improperly assessed or fabricated to

27

create a pretext for foreclosure and acquisition of the Hotel Property.

136.    Defendant Contractor was enriched by payments received for construction work that was either not completed as per the agreed standards or not completed at all, thereby failing to earn the full amount it received and leaving the project in an incomplete and devalued state.

137.    Defendant James Van Horn, Esq., as the Substitute Trustee, managed the foreclosure process in a manner that favors Defendant Lender Peachtree, potentially receiving benefits through fees or preferential treatment for facilitating a non-judicial foreclosure process that disadvantages Plaintiffs and lacks transparency.

138.    Defendant Lender Peachtree stand to gain from the foreclosure sale conducted under questionable circumstances, possibly obtaining the property or contracts related to its operation at under-market values due to the non-judicial foreclosure process orchestrated by Defendant Lender Peachtree and Defendant Substitute Trustee.

139.    All Defendants have thus benefited from their respective roles in actions that directly contributed to the financial distress of the Hotel Property and the subsequent losses incurred by Plaintiffs, without adequately compensating Plaintiffs for their investments and efforts.

140.    Under District of Columbia law, unjust enrichment occurs when one party unjustly retains a benefit at the expense of another, and it is inequitable for the party retaining the benefit to do so without paying for its value.

141.    Plaintiffs allege that the enrichment of each Defendant was unjust because it resulted from Breaches of contractual obligations, fiduciary duties, or from procedural improprieties in the foreclosure process, all of which were to the detriment of Plaintiffs.

142.    The Defendants' retention of these benefits without proper justification or

28

compensation to Plaintiffs constitutes unjust enrichment, for which restitution is owed to Plaintiffs.

**WHEREFORE,** Plaintiffs seek restitution from each Defendant for the value of the benefits unjustly retained, to be quantified at trial. Plaintiffs also request that the Court orders disgorgement of all profits, benefits, and other compensation obtained by Defendants from their involvement in the project and the subsequent foreclosure proceedings. Further, Plaintiffs seek any other relief this Court finds just and appropriate to prevent the unjust enrichment of Defendants at the expense of Plaintiffs.

## COUNT VI.
## BREACH OF CONSUMER PROTECTION STATUTE
### (AS TO PEACHTREE AND SUBSTITUTE TRUSTEE)

143.     Plaintiffs restate and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

144.     On or around May 2, 2019, Plaintiff Guarantor executed a personal guaranty in favor of Defendant Lender Peachtree as part of the financing arrangements for the development of the Holiday Inn Express.

145.     The personal guaranty obligated Plaintiff Guarantor to be personally liable for the repayment of the Loan if Plaintiff Borrower failed to meet its Loan obligations.

146.     Defendants engaged in deceptive and unconscionable practices concerning the negotiation, application, and enforcement of the personal guaranty. These practices included but were not limited to 1.) Misrepresenting the terms and risks associated with the guaranty to Plaintiff Guarantor, 2.) Failing to provide Plaintiff Guarantor with all relevant information regarding the financial health and projections of the project that impacted his understanding and willingness to enter into the guaranty, 3.) Manipulating the terms of the

29

Loan and the performance of the construction to precipitate a default that would trigger Plaintiff Guarantor's personal guaranty, 4.) Imposing inflated and unjustifiable charges and interest rates under the Loan agreement that were designed to make it impossible for Plaintiff Borrower to meet its obligations, thereby triggering Plaintiff Guarantor's guaranty, 5.) Utilizing the non-judicial foreclosure process to effect unfair advantage for Defendant Lender Peachtree to take the Hotel Property at foreclosure sale and take a windfall against the interests of Plaintiffs.

147.    These actions and the overall conduct of Defendant Lender Peachtree were aimed at securing an unfair advantage over Plaintiff Guarantor, exploiting his lack of options to protect his investment and his business from collapse.

148.    Under the District of Columbia Consumer Protection Procedures Act (CPPA), consumers are protected against a variety of deceptive, unfair, and abusive practices. Although Plaintiff Guarantor entered into the guaranty primarily in a business context, the nature and application of Defendant Lender Peachtree's actions constitute consumer transactions under the CPPA due to the personal financial liability imposed on Plaintiff Guarantor.

149.    The CPPA allows for the pursuit of legal remedies when deceptive, unconscionable, or misleading trade practices affect a consumer's decisions or conduct regarding a transaction that results in personal financial obligations.

150.    Plaintiffs assert that Defendant Lender Peachtree's conduct violated several provisions of the CPPA by engaging in practices that were deceptive and designed to unduly enrich Defendant Lender Peachtree at the expense of Plaintiff Guarantor's personal and business interests.

**WHEREFORE** Plaintiffs seek an order declaring that Defendant Lender Peachtree's actions in connection with the personal guaranty and the associated Loan agreements violated the District of Columbia Consumer Protection Procedures Act. Plaintiffs request restitution for Plaintiff Guarantor, including but not limited to the rescission of the personal guaranty and compensation for all losses and damages sustained as a result of Defendant Lender Peachtree's unlawful practices. Plaintiffs seek statutory damages and treble damages as allowed under the CPPA for willful violations of the statute. Plaintiffs also request punitive damages to deter similar conduct in the future and to punish Defendant Lender Peachtree for its willful misconduct. Further, Plaintiffs seek attorney's fees and costs associated with bringing this claim, as permitted under the CPPA. Plaintiffs request any other relief that the Court deems just and appropriate under the circumstances.

**JURY TRIAL DEMANDED**

Dated: April 19, 2024        Respectfully Submitted,

BIRCHINGTON, LLC and HABTE SEQUAR
By Counsel

/s./ Stuart L. Peacock Esq.

Stuart L. Peacock, Esq.
LAW OFFICES OF STUART L. PEACOCK
1513 Varnum Street NW
Washington, DC 20011
(202) 714-6800
DC BAR #428908
stuart.l.peacock@gmail.com
*Counsel for Birchington, LLC and Habte Sequar*

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

|  |  |  |
|---|---|---|
| BIRCHINGTON, LLC, et. al., | ) | |
| Plaintiffs, | ) | Case No.: _____ |
| v. | ) | |
|  | ) | |
| SSHCOF II WASHINGTON DC, LLC, et. al., | ) | |
| Defendants | ) | |

DISTRICT OF COLUMBIA, to wit:

## <u>MEMORANDUM OF LIS PENDENS</u>

COME NOW, Plaintiff, Welch Family Limited Partnership Four, by counsel, gives notice of Lis Pendens, by this Memorandum filed in the Clerk's Office of the District of Columbia Superior Court in the District of Columbia of a certain cause, the title of which is Complaint, against defendants SSHCOF II Washington, DC, LLC, Peachtree Hotel Group II, LLC, James Van Horn, Esq, and Kinsley Construction, Inc., the general object thereof is to enforce contracts concerning the real Property as more particularly set forth as follows:

<u>**See Exhibit [A]**</u>
(Legal Description):

Dated: April 19, 2024          Respectfully Submitted,

BIRCHINGTON, LLC and HABTE SEQUAR
By Counsel

<u>/s./ Stuart L. Peacock Esq.</u>

Stuart L. Peacock, Esq.
LAW OFFICES OF STUART L. PEACOCK
1513 Varnum Street NW
Washington, DC 20011
(202) 714-6800
DC BAR #428908
stuart.l.peacock@gmail.com
*Counsel for Birchington, LLC and Habte Sequar*

## <u>LEGAL DESCRIPTION</u>

Lot numbered Twenty-Eight (28) in square numbered five hundred twenty-six (526) in a subdivision recorded in plat book 65 in the office of the surveyor for the district of Columbia.


Address: 317 K Street NW, Washington DC 20001.


**Parcel 1:**

Part of Original Lot 2 in Square 526 and more particularly described as follows:

Beginning at the Southeast comer of said lot, thence West on K Street 13 feet 8 '14 inches, thence North 100 feet, thence East 13 8 1/4 inches, thence South 100 feet to the point of beginning.
Note: At the date hereof, the above described land is designated on the records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 825 in Square 526.
Address: 303 K Street NW, Washington, DC

**Parcel 2:**

Part of Original Lot 2 in Square 526 and more particularly described as follows:

Beginning at a point 13 feet 8 1/4. Inches West of the Southeast comer of said lot, and running thence West 13 feet 8 1/4. inches; thence North 100 feet; thence east 13 feet 8 1/4. inches, and thence South 100 feet to the point of beginning; Except the West 2 1/2, inches front by depth of 48 feet conveyed by deed recorded among the Land Records of the District of Columbia, in Liber 2088 at folio 163.
Note: At the date hereof, the above described land is designated on the records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 824 in Square 526.
Address: 305 K Street NW, Washington, DC

**Parcel 3:**
Lot numbered Twenty (20) in Letitia C. Walsh and Daniel A. Duffy's subdivision of part of original Lot 2, in Square Five Hundred Twenty-six (526) as per plat recorded in Liber 84 at folio 171 in the Office of The Surveyor for the District of Columbia.

Address: 307 K Street NW, Washington, DC

**Parcel 4:**
Lot numbered Twenty-one (21) in Letitia C. Walsh and Daniel A. Duffy's subdivision of part of original Lot 2, in Square Five Hundred Twenty-six (526) as per plat recorded in Liber 84 at folio 171 in the Office of The Surveyor for the District of Columbia.

Address: 309 K Street NW, Washington, DC

**Parcel 5**

Part of Original Lots 2 and 3 in Square 526 and more particularly described as follows:
Beginning for the same at a line of K Street, 44.00 feet East from the Southwest corner of said Lot numbered Three (3) and of said Square, and running thence East along the line of said Street 22.00 feet 5 1/2 inches; thence north 80.00 feet; thence West 22.00 feet 5 1/2 inches; thence South 80.00 feet to the place of beginning
Note: At the date hereof, the above described land is designated on the records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 829 in Square 526.

Address: 311 K Street NW, Washington, DC


**Parcel 6:**

Part of Original Lot 3 in Square 526 and more particularly described as follows:

Beginning at a point on the line of K Street distant Twenty-two (22) feet East from the Southwest corner of said Lot and running thence East Twenty-two (22) feet; thence North Eighty (80) feet; thence West Forty-four (44) feet to the line of Fourth Street; thence South on Fourth Street, Four (4) feet; thence East Twenty-two feet (22) feet; thence South Seventy-six (76) feet to the point of beginning.
Note: At the date hereof, the above described land is designated on the records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 804 in Square 526.

Address: 315 K Street NW, Washington, DC 20001

**Parcel** 7:

Part of Original Lot 3 in Square 526 and more particularly described as follows:
Beginning at the Southwest corner of said Lot and running thence East on K Street, Twenty-two (22) feet; thence North Seventy-six (76) feet; thence West Twenty-two (22) feet to Fourth Street; and thence South on Fourth Street, Seventy-six
(76) feet to the point of beginning.

Note: At the date hereof, the above described land is designated on the records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 805 in Square 526.

Address: 317 K Street NW, Washington, DC 20001

Case 24-10015-ELG Doc 31 Filed 04/26/24 Entered 04/23/24 Page 51 of 2 Desc Main
Document     Page 54 of 171

eFiled
4/22/2024 9:38:34 AM
Superior Court
of the District of Columbia



**Superior Court of the District of Columbia**
**CIVIL DIVISION – Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Case No.  _____2024-CAB-002481_____

## MOTION FOR RESTRAINING ORDER

■ **TEMPORARY RESTRAINING ORDER**
An emergency order that lasts 14 days

■ **PRELIMINARY INJUNCTION**
An emergency order that lasts until trial

| | | |
|---|---|---|
| BIRCHINGTON, LLC and HABTE SEQUAR | vs | SSHCOF II WASHINGTON DC, LLC, et al. |
| PLAINTIFF | | DEFENDANT |

1219 K Street, NE, Suite 1100

Address (No Post Office Boxes)

900 Old Roswell Lakes Parkway

Address (No Post Office Boxes)

| Washington | DC | 20002 |
|---|---|---|
| City | State | Zip Code |

| Roswell | GA | 30076 |
|---|---|---|
| City | State | Zip Code |

(202) 714-6800

Telephone Number

Telephone Number

_Email Address (optional)_

_Email Address (optional)_

1.  Is there an emergency? If yes, what is the nature of that emergency? Include facts, name(s), and location(s):

A non-judicial foreclosure sale of Plaintiff Birchington LLC's Washington D.C. hotel property is scheduled for April 25, 2024 at 11:00 a.m.

The facts, names and locations are set forth in detail in the accompanying Complaint.

2.  Plaintiff requests that the Court order the Defendant(s) to:

Plaintiffs Birchington, LLC ("Plaintiff Borrower") and Habte Sequar ("Plaintiff Guarantor") seek  a temporary restraining order

preventing Defendants SSHCOF II Washington DC, LLC and PEACHTREE HOTEL GROUP II, LLC, (collectively "Defendant Lenders")

from proceeding with the non-judicial foreclosure auction sale now scheduled for April 25, 2024.

Form CA-3073 [Rev. Nov. 2017]          1          Super. Ct. Civ. R. 65

54

*The following questions are optional and can be helpful to the Court.*

A.  What is the relationship between Plaintiff and Defendant?

    ☐ Landlord & Tenant             ☐ Family

    ☐ Dating relationship or child in common     ☐ Friends or former friends

    ☐ Neighbors               ☐ No relationship

    ☐ Co-Workers              ■ Other (explain):

Washington, DC 20011

(202) 714-6800

_____

_____

B.  Were the police contacted about the incident?

    ☐ Yes               ☐ No

C.  Was anyone arrested?

    ☐ Yes               ■ No

    If yes, provide the name of the individual(s) arrested:

N/A

_____

D.  Are there any **prior** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

    ☐ Yes               ■ No

    If yes, provide the case number(s) and location of the other court(s):

N/A

_____

_____

2

E.  Are there any **ongoing** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

    ■ Yes             ☐ No

    If yes, provide the case number(s) and location of the other court(s):

    Kinsley Construction, Inc.  v. Habte Sequar, DC Superior Court, 2023-CAB-001729

F.  Is there a written or oral lease agreement between Plaintiff and Defendant?

    ☐ Yes             ☐ No

G.  Is there an eviction pending?

    ☐ Yes             ■ No

    If yes, provide the eviction date and explain:

    N/A

H.  Does this case involve a foreclosure?

    ■ Yes             ☐ No

    If yes, explain the status of the case:

    Foreclosure Auction Scheduled for April 25, 2024

I.  Does this case involve students attending the same school?

    ☐ Yes             ■ No

    If yes, explain:

    N/A

State any other information, of which the Court should be aware:

See attached Motion and Points and Authorities attached.

---

---

---

**SIGNATURE**

/s./Stuart Peacock, Esq.                    04/19/2024

**SIGNATURE**                              **DATE**

**CERTIFICATE OF SERVICE**

On April 19,                    , 20 24 I mailed this motion to all the lawyers in the case, the
Plaintiff(s) and the Defendant(s) who do not have lawyers, as listed below:

| Name: | Name: |
|---|---|
| Address: | Address: |
| See attached certificate of service recipient list. | |
| | |

/s./Stuart Peacock, Esq.                    04/19/2024

**SIGNATURE**                              **DATE**

**POINTS AND AUTHORITIES**

What legal basis – laws, regulations, court rules or decisions – do you want the judge to consider?

See attached Motion and Points and Authorities attached.

---

---

/s./Stuart Peacock, Esq.                    04/19/2024

**SIGNATURE**                              **DATE**

4

<u>CERTIFICATE OF SERVICE</u>

On April 19, 2024, I emailed this motion to all lawyers in the case, and mailed a copy to the the Defendants, as listed below.

<u>VIA ELECTRONIC MAIL TO jvanhorn@btlaw.com</u>

<u>VIA ELECTRONIC MAIL TO JTomevi@barley.com</u>

SSHCOF II WASHINGTON DC, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

PEACHTREE GROUP d/b/a
PEACHTREE HOTEL GROUP II, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

JAMES VAN HORN, ESQ.,
Serve: 555 12th Street NW, Suite 1200
Washington, DC 20004; and

KINSLEY CONSTRUCTION, INC.,
Serve: c/o CT Corporation System
1015 15th Street NW, Suite 1000, Washington, DC 20005

Dated: 04/19/2024

<u>/s./Stuart Peacock, Esq.</u>
Stuart Peacock, Esq.

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## (Civil Division)

| | |
|---|---|
| BIRCHINGTON, LLC<br>c/o Lima Hotels LLC<br>1219 K Street, NE, Suite 1100<br>Washington, DC 20002,<br><br>HABTE SEQUAR<br>1219 K Street, NE, Suite 1100<br>Washington, DC 20002,<br><br>      Plaintiffs,<br>v.<br><br>SSHCOF II WASHINGTON DC, LLC<br>Serve: c/o Cogency Global, Inc.,<br>900 Old Roswell Lakes Parkway, Suite 310,<br>Roswell, GA, 30076;<br><br>PEACHTREE GROUP d/b/a<br>PEACHTREE HOTEL GROUP II, LLC<br>Serve: c/o Cogency Global, Inc.,<br>900 Old Roswell Lakes Parkway, Suite 310,<br>Roswell, GA, 30076;<br><br>JAMES VAN HORN, ESQ.,<br>Serve: 555 12th Street NW, Suite 1200<br>Washington, DC 20004; and<br><br>KINSLEY CONSTRUCTION, INC.,<br>Serve: c/o CT Corporation System<br>1015 15th Street NW, Suite 1000,<br>Washington, DC 20005,<br><br>      Defendants. | Case No.: 2024-CAB-002481 |

## OPPOSED MOTION FOR TEMPORARY RESTRAINING ORDER

COME NOW Plaintiffs BIRCHINGTON, LLC ("Plaintiff Borrower") and HABTE

SEQUAR ("Plaintiff Guarantor") and moves this Honorable Court for a temporary restraining

order to enjoin the Defendants SSHCOF II Washington DC, LLC ("Defendant Lender Stonehill"),

Peachtree Hotel Group II, LLC ("Defendant Lender Peachtree") (collectively "Defendant

Lenders") and James Van Horn, Esq. ("Defendant Auctioneer") from proceeding with the non-

judicial foreclosure sale of the newly-constructed 247-room hotel property located at 317 K Street

NW, Washington DC 20001 (the "Hotel Property" or the "Holiday Inn Express") now scheduled

for 11:00 a.m. on April 25, 2024.

## RULE 12-I CERTIFICATION

Undersigned counsel hereby certifies that consent was sought to the relief requested in the

accompanying motion from known counsel of record for Defendants including James Van Horn

and consent was not forthcoming.

## POINTS AND AUTHORITIES

This Motion is based on the accompanying Complaint, the exhibits thereto, and live

testimony as permitted.  In support of this Motion, Plaintiff states as follows:

1.  This action arises out of the Defendant Lender's attempt to foreclose on the Hotel

Property pursuant to a Construction Deed of Trust, Assignments of Rents and Leases, Security

Agreement, and Fixture Filing (collectively, the "Security Instrument"), which allegedly

secures a substantial debt owed by the Plaintiffs to the Defendant Lenders.  The loan related to

the construction and served as funding for the Defendant Contractor.

2.  Plaintiffs are informed and believe that Defendant Lenders assert that, in the event

of a deficiency following the auction, Defendant Lenders have recourse against Plaintiff

Borrower.

3.  A non-judicial foreclosure sale of the Hotel Property is currently scheduled for

April 25, 2024, at 11:00 a.m. at the offices of Alex Cooper Auctioneers, 4910 Massachusetts

Avenue, N.W., Suite 100, Washington, D.C. 20016.  According to the March 21, 2024, Amended Notice of Foreclosure Sale, the balance is $83,791,751.  The notice purports to be Subject to postponement for a period not to exceed 30 days from the original date of the foreclosure sale.

4.   Defendant Substitute Trustee, James Van Horn, is a member of the same law firm that represents Defendant Lenders.  Plaintiffs respectfully submit this is a conflict of interest prejudicial to Plaintiffs.  Defendant Substitute Trustee has the option of a judicially supervised foreclosure, but instead has chosen to conduct a non-judicial foreclosure on only 32-days' notice.  Defendant Substitute Trustee is aware that the bankruptcy court found (without any contrary evidence) that there was at least 11% equity in the Hotel Property.  Insofar as the non-judicial foreclosure option precludes adequate time to properly maximize the auction price of a 247-room hotel property, it unreasonably affords Defendant Lenders the opportunity to credit bid at the auction and obtain the Hotel Property for far less at a foreclosure auction held on an expedited basis that was advertised with less then adequate, having not listed the Property on the multiple list service, advertised nationally, engage the services of a real estate broker, etc.

5.   Defendant Lender seeks to purchase the property at the foreclosure because its sole operator, Jaitin Desai has said as much, publicly.  Plaintiffs are informed and believe that because Defendant Lender intends on making a credit bid at the auction, they have essentially overstated the amounts that are due (without accounting for Plaintiffs' rights to an offset for damages based on the Defendant Contractor's breaches—nor the offsets based upon the allegations stated more fully in Plaintiff's Complaint) in an attempt to discourage competitive bidding.

6.   The estimated current value of the Hotel Property is in excess of One Hundred and

Ten Million ($110,000,000.00) Dollars.[1]  The Hotel Property is a fully operational 247-room hotel at the present time.

7.  Plaintiff Borrower and Plaintiff Guarantor contest the amount of the balance and assert defenses to the debt based on breaches by the Defendant Contractor Kinsley of the Construction Agreement, to wit the completion date far exceeded the contracted-for completion date, and approximately 50 of the rooms were damaged by Defendant Contractor's negligence, requiring that they be rebuilt with many of the units remaining unfinished as of the date of this filing.

8.  Defendant Contractor brought suit against Plaintiff Guarantor in *Kinsley Construction, Inc. v. Habte Sequar*, DC Superior Court, 2023-CAB-001729.  Plaintiff Guarantor counter-sued Defendant Contractor therein asserting a claim for damages and asserted defenses to payment based on material breaches by Defendant Contractor of the Construction Agreement.

9.  Non-parties The Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine (collectively "Welch") loaned up to Three Million ($3,000,000) Dollars for the development of the hotel ("Welch Loan").  In addition to the Welch Loan, Welch provided credit assurance by way of a guaranty to Defendant Contractor for the development of the Holiday Inn Express in the amount of Two Million ($2,000,000) Dollars.[2]

10. Plaintiffs will be prejudiced by a minimally competitive auction in that they cannot mitigate their guaranty of the loan without a proper accounting, nor can Defendant Lenders ensure that the Hotel Property will be sold at the highest value.  Put in perspective, if the property is conservatively worth over $110,000,000 and the loan amount is $83,000,000, then

---

[1] District of Columbia Bankruptcy Court Case No. 24-00036
[2] Contractor sued Welch under the guaranty in Kinsley Construction, Inc. v. Welch, DC Superior Court, 2023-CAB.

an adequately conducted sale, by way of listing the property on the multiple list service, engagement of a real estate broker to offer for sale, marketing nationwide to potential purchasers, etc. (all of the trappings of an arm's length sale) has the potential of providing adequate equity sufficient to resolve any potential deficiency by Plaintiff Guarantor and to pay unsecured creditors, including Defendant Contractor, which Welch has guaranteed, and a substantial tax claim with the District of Columbia.  See DC Code § 42-814 (b).

11. **Standard for Injunctive Relief:**    "The decision [whether] to grant or deny preliminary injunctive relief is committed to the sound discretion of the trial court." *Fountain v. Kelly*, 630 A.2d 684 (D.C. 1993), *quoting Stamenich v. Markovic*, 462 A.2d 452, 456 (D.C. 1983).  A proper exercise of discretion requires the trial court to consider whether the moving party has clearly demonstrated (1) that there is a substantial likelihood he will prevail on the merits; (2) that he is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order. *Wieck v. Sterenbuch*, 350 A.2d 384, 387 (D.C.App. 1976).

12. **Likelihood of Success on the Merits**:  Plaintiffs seek to enjoin the auction as set forth in the accompanying Complaint on the grounds that Defendant Lenders and Defendant Contractor are not entitled to the amounts stated on the simple bases that the delayed completion and water damage and failure to deliver the Hotel Property in a complete state must be resolved prior to any contemplated sale under the circumstances.  Defendants have purposefully chosen to ignore their breaches to further their own interests and to change the narrative for self-serving purposes.  Amounts allegedly due are substantially inflated because construction draws were knowingly allowed to the benefit of Defendant Contractor and to the

5

detriment of Plaintiffs. Additionally, the auction is being conducted by Defendant Substitute Trustee, James Van Horn, who is counsel for Defendant Lenders. The apparent conflict of interest is resulting in a public auction on only 32 days' notice of Hotel Property valued at well over $110,000,000. Plaintiff has substantial questions concerning the legal validity of the Security Instrument modifications and the procedural compliance of the Defendant with District of Columbia foreclosure laws, specifically regarding notice requirements.

13. **Danger of Suffering Irreparable Harm:** Plaintiffs will suffer irreparable harm if the foreclosure sale proceeds as scheduled. The loss of the Property, which includes a 247 room, thirteen-story hotel, cannot be adequately remedied by monetary damages due to its unique nature and the ongoing business operations conducted therein.

14. **Balance of Harms**: The balance of harms weighs heavily in favor of the Plaintiff, as the wrongful foreclosure sale would result in the loss of a significant real estate asset and disrupt existing business operations, while the postponement of the sale imposes minimal harm on the Defendant. As stated in the foreclosure notice, the notice itself allows for 30 days' postponement.

15. **Public Interest:** The public interest supports the issuance of a temporary restraining order to ensure that property rights are not transferred or extinguished without due process and compliance with the governing law.

16. Absent injunctive relief, Plaintiffs do not have an adequate and complete remedy at law. Plaintiffs will be divested of all equity in the Hotel Property by the foreclosure. If a third-party purchase the Hotel Property at auction, then an additional entity will necessarily be involved, to the detriment of all parties.

WHEREFORE, Plaintiffs respectfully request that this Court issue a Temporary

6

Restraining Order, enjoining the Defendant and its agents, employees, successors, assigns, and all

persons acting in concert with them from proceeding with the foreclosure sale of the Property

scheduled for April 25, 2024, and any actions that would alter the status quo of the ownership of

the Property pending a further order of this Court.

Dated: April 19, 2024              Respectfully Submitted,

BIRCHINGTON, LLC and HABTE SEQUAR
By Counsel

/s./ Stuart L. Peacock Esq.

Stuart L. Peacock, Esq.
LAW OFFICES OF STUART L. PEACOCK
1513 Varnum Street NW
Washington, DC 20011
(202) 714-6800
DC BAR #428908
stuart.l.peacock@gmail.com
*Counsel for Birchington, LLC and Habte Sequar*

7

CERTIFICATE OF SERVICE

On April 19, 2024, I emailed this motion to all lawyers in the case, and mailed a copy to the the Defendants, as listed below.

VIA ELECTRONIC MAIL TO jvanhorn@btlaw.com

VIA ELECTRONIC MAIL TO JTomevi@barley.com

SSHCOF II WASHINGTON DC, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

PEACHTREE GROUP d/b/a
PEACHTREE HOTEL GROUP II, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

JAMES VAN HORN, ESQ.,
Serve: 555 12th Street NW, Suite 1200
Washington, DC 20004; and

KINSLEY CONSTRUCTION, INC.,
Serve: c/o CT Corporation System
1015 15th Street NW, Suite 1000, Washington, DC 20005

Dated: 04/19/2024

/s./Stuart Peacock, Esq.
Stuart Peacock, Esq.



**Superior Court of the District of Columbia**
**Civil - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**(202) 879-1133 | www.dccourts.gov**

**Case Number:** 2024-CAB-002481

**Case Style:** Birchington, LLC et al. v. SSHCOF II WASHINGTON DC, LLC et al.

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 07/26/2024 | 9:30 AM | Remote Courtroom 131 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Neal E Kravitz. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated below, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb131

   Meeting ID: 2336 589 2483

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at (202) 879-1133.

**ACCESSIBILITY AND LANGUAGE ACCESS**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov . The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you. 

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  📞 Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.

- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.

- Witnesses: tell the judge if you want a witness to testify at your hearing.

- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!

- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.

- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.

- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).

- Speak slowly and clearly so everyone hears what you are saying.

- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.

- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.

- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.

- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.

- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.

- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.

- Look at the camera when you speak and avoid moving around on the video.

- Wear what you would normally wear to court.

- Sit in a well-lit room with no bright lights behind you.

- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

# District of Columbia Courts

# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings.  The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

### The remote site locations are:



| | |
|---|---|
| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location *** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**.  If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call:  **202-879-1900**
Email:  DCCourtsRemoteSites@dcsc.gov




# Tribunales de la Columbia
## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de l**unes a viernes, de 8:30 am a 4:00 pm**.

**Los centros de acceso remoto son:**

**Sitio Remoto - 1**
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

**Sitio Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Sitio Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Sitio Remoto - 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Sitio Remoto - 5**
Reeves Center
2000 14th Street, NW, 2nd Floor
Community Room
Washington, DC 20009

**Sitio Remoto - 6**
Reeves Center
2000 14th Street, NW, Suite 300N
Office of the Tenant Advocate
Washington, DC 20009
*No se puede entrar sin cita previa*

Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto. Si** necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Judge-in-Chambers**

| | | |
|---|---|---|
| | : | |
| **BIRCHINGTON, LLC. et al.,** | : | **Case No. 2024-CAB-2481** |
| **Plaintiffs,** | : | |
| | : | **NEXT EVENT:** |
| **v.** | : | **Motion Hearing** |
| | : | **4/24/24, 2:30 PM** |
| **SSHCOF II WASHINGTON, DC, LLC.** | : | **Judge-in-Chambers** |
| **et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## SCHEDULING ORDER

The Court issues this Scheduling Order to set a hearing on Plaintiffs' Motion for Temporary Restraining Order. The hearing on Plaintiffs' Motion will be set for the 24th day of April 2024 at 2:30 PM. Plaintiffs shall have Defendants served with copies of (1) this Order, (2) the Complaint, (3) the Motion for a Temporary Restraining Order, (4) the Initial Order, (5) the summons, and (6) the attached instructions to join the hearing. Plaintiffs should ensure that Defendants are served these documents in accordance with the rules of service included in the Civil Division Handbook.[1] Additionally, Plaintiffs shall file with the Clerk's office a completed affidavit of service prior to the hearing.[2]

Therefore, it is by the Court this 23rd day of April 2024, hereby:

**ORDERED** that a hearing on Plaintiffs Motion for a Temporary Restraining Order shall be set at 2:30 PM on the 24th day of April 2024; and it is further

---

[1] The Handbook for People Who Represent Themselves in Civil Cases is accessible at https://www.dccourts.gov/sites/default/files/matters-docs/Handbook-for-Self-Represented-Parties-in-Civil-Cases.pdf.
[2] Documents may be electronically filed at https://www.dccourts.gov/superior-court/e-filing.

**ORDERED** that Plaintiffs must serve Defendants with this Order, Plaintiffs' Motion, the Complaint, the Initial Order, the summons, and instructions to join the remote hearing; and it is further

**ORDERED** that Plaintiffs shall file proof of service prior to the hearing.

**SO ORDERED**.


_____/s/_____
Milton C. Lee, Associate Judge
Sitting in Judge-in-Chambers



Copies to:
 Stuart Peacock, Esq.                              James Van Horn, Esq.
 *Counsel for Plaintiffs*                          *Counsel for Defendants*

### Judge-in-Chambers Remote Hearing Instructions for Participants

Parties and counsel may access Virtual Courtroom 400 in the following ways:

(1) Going to the WebEx website at https://dccourts.webex.com/meet/ctb400 or going to https://dccourts.webex.com and, under "Join a Meeting," entering Meeting ID number 129 339 7379; or

(2) Downloading the WebEx Meetings app, opening the app, selecting Join Meeting, and entering https://dccourts.webex.com/meet/ctb400; or

(3) Calling 1-844-992-4726 or 202-860-2110 and entering Meeting ID number 129 339 7379 followed by "##".

Parties having trouble connecting to their remote hearing may contact the Civil Actions Branch of the Civil Division at (202) 879 - 1133. The DC Courts have remote hearing sites available at the DC Superior Court Library and in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. If you want to use a remote site location for your hearing, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station. **Failure to appear at a remote proceeding may result in dismissal of a case.**

**PLEASE NOTE: All parties and counsel are highly encouraged to appear by WebEx video and ensure that their name appears on screen, unless significant circumstances make it necessary for you to appear by telephone.**

When entering the virtual courtroom (by dialing in on a phone, or signing in through the website or app), the party should not attempt to speak because another hearing may be underway. Each party should be automatically muted by the courtroom clerk when you first arrive. If you are using the WebEx website or the app, you may check in with the courtroom clerk using the "chat" function. If you are on a telephone, you should wait for your case to be called. For best practices on how to participate in Webex Meetings, click here: https://www.webex.com/learn/best-practices.html.

JS-44 (Rev. 11/2020 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS

BIRCHINGTON, LLC, and HABTE SEQUAR

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **11001**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stuart L. Peacock
Law Offices of Stuart L. Peacock
1513 Varnum Street NW
Washington, DC 20011

## DEFENDANTS

SSHCOF II WASHINGTON DC, LLC, PEACHTREE GROUP d/b/a PEACHTREE HOTEL GROUP II, LLC, JAMES VAN HORN, ESQ., and KINSLEY CONSTRUCTION, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Teresa L. Jakubowski, Esq.
Barnes & Thornburg LLP
555 12th Street, NW, Suite 1200
Washington, D.C. 20004

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

***(If Antitrust, then A governs)***

○ **E.** *General Civil (Other)*     **OR**     ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☒ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**Other Statutes**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 462 Naturalization Application

☐ 465 Other Immigration Actions
☐ 470 Racketeer Influenced & Corrupt Organization
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/ Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/Privacy Act* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☑ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge  ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
 28 US 1441

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** <br>**JURY DEMAND:** | Check **YES** only if demanded in complaint<br>**YES** ☒   **NO** ☐ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | **YES** ☐   **NO** ☐ | If yes, please complete related case form |
|---|---|---|---|

| DATE: _____4/23/2024_____ | SIGNATURE OF ATTORNEY OF RECORD _____/s/ Teresa L. Jakubowski, Esq._____ |
|---|---|

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.**  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.**  CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

BIRCHINGTON, LLC,                                  )
400 North Capitol Street NW,                       )
Suite 790                                          )
Washington, D.C. 20001,                            )
                                                   )
and                                                )
                                                   )
HABTE SEQUAR,                                      )
1610 11th Street NW                      )
Washington, D.C. 20001,                            )
                                                   )
    Plaintiffs,                )
                                                   )
v.                                                 ) Case No. 1:24-cv-001193
                                                   )
SSHCOF II WASHINGTON DC, LLC,                      )
3500 Lenox Road, Suite 625                         ) Removed from Superior Court for the
Atlanta, GA 30326,                                 ) District of Columbia
                                                   ) Case No. 2024-CAB-002481
PEACHTREE GROUP d/b/a                              )
PEACHTREE HOTEL GROUP II, LLC,                     )
3500 Lenox Road, Suite 625                         )
Atlanta, GA 30326,                                 )
                                                   )
JAMES VAN HORN, ESQ.,                              )
4528 Worthington Manor Way                         )
Ellicott City, MD 21043                            )
                                                   )
and                                                )
                                                   )
KINSLEY CONSTRUCTION, INC.,                        )
334 County Line Road                               )
Huntingdon Valley, PA 19006,                       )
                                                   )
    Defendants.                 )
_____           )

**<u>NOTICE OF ERRATA</u>**

1

Defendants SSHCOF II Washington DC, LLC ("SSHCOF") and Peachtree Group d/b/a

Peachtree Hotel Group II, LLC ("Peachtree", together with SSHCOF, "Defendants") hereby file

the attached Amended Notice of Removal and Request for Referral to Bankruptcy Court.

This 24th day of April, 2024.

Respectfully submitted,

**BARNES & THORNBURG LLP**

/s/ Teresa L. Jakubowski
Teresa L. Jakubowski, Esq.
BARNES & THORNBURG LLP
555 12th Street, NW, Suite 1200
Washington, D.C. 20004
Phone:  (202) 371-6351

/s/ Lisa Wolgast
**Lisa Wolgast, Esq.** (Pro Hac Forthcoming)
Georgia Bar No.: 773399
Lisa.Wolgast@btlaw.com
**BARNES & THORNBURG LLP**
3340 Peachtree Road, NE, Suite 2900
Atlanta, GA 30326-1092
Phone:  (470) 832-7535

*Attorneys for SSHCOF II Washington DC, LLC,*
*and Peachtree Group*

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BIRCHINGTON, LLC, and HABTE SEQUAR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:24-cv-001193 |
| SSHCOF II WASHINGTON DC, LLC, PEACHTREE GROUP d/b/a PEACHTREE HOTEL GROUP II, LLC, JAMES VAN HORN, ESQ., and KINSLEY CONSTRUCTION, INC., | ) ) ) ) ) ) | Removed from Superior Court for the District of Columbia Case No. 2024-CAB-002481 |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certain that on this day, the foregoing was electronically filed using the Court's CM/ECF system which will send email notification of such filing to all counsel of record and that I served the foregoing via email and U.S. Mail as follows:

Stuart L. Peacock
Law Offices of Stuart L. Peacock
1513 Varnum Street NW
Washington, DC 20011
Stuart.1.peacock@gmail.com

Joshua L. Schwartz
126 East King Street
Lancaster, PA 17602
jschwartz@barley.com

James Van Horn, Esq.
4528 Worthington Manor Way
Ellicott City, MD 21043
JVanHorn@btlaw.com

Dated: April 24, 2024.

By: */s/ Teresa L. Jakubowski*
Teresa L. Jakubowski, Esq
D.C. Bar No. 443380

3

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

BIRCHINGTON, LLC,                        )
400 North Capitol Street NW,             )
Suite 790                                )
Washington, D.C. 20001,                  )
                                         )
and                                      )
                                         )
HABTE SEQUAR,                            )
1610 11th Street NW           )
Washington, D.C. 20001,                  )
                                         )
        Plaintiffs,                )
                                         )
v.                                       )     Case No. 1:24-cv-001193
                                         )
SSHCOF II WASHINGTON DC, LLC,            )
3500 Lenox Road, Suite 625               )     Removed from Superior Court for the
Atlanta, GA 30326,                       )     District of Columbia
                                         )     Case No. 2024-CAB-002481
PEACHTREE GROUP d/b/a                    )
PEACHTREE HOTEL GROUP II, LLC,          )
3500 Lenox Road, Suite 625               )
Atlanta, GA 30326,                       )
                                         )
JAMES VAN HORN, ESQ.,                    )
4528 Worthington Manor Way               )
Ellicott City, MD 21043                  )
                                         )
and                                      )
                                         )
KINSLEY CONSTRUCTION, INC.,              )
334 County Line Road                     )
Huntingdon Valley, PA 19006,             )
                                         )
        Defendants.                )
_____ )

## AMENDED NOTICE OF REMOVAL AND
## REQUEST FOR REFERRAL TO BANKRUPTCY COURT

Pursuant to 28 U.S.C. §§ 157, 1334, 1441 and 1446, Defendants SSHCOF II Washington

DC, LLC ("SSHCOF") and Peachtree Group d/b/a Peachtree Hotel Group II, LLC ("Peachtree",

together with SSHCOF, "Defendants"), submit this Notice of Removal and Request for Referral
to the Bankruptcy Court (the "Notice of Removal") and give notice that the underlying civil action
is hereby removed to the United States District Court for the District of Columbia from the
Superior Court for the District of Columbia (te "Superior Court") where it was originally filed as
Case No. 2024-CAB-002481 (the "Superior Court Action") and request that the case be assigned
to the United States Bankruptcy Court for the District of Columbia, respectfully showing as
follows:

## <u>INTRODUCTION</u>

1.     On February 7, 2024, Welch Family Limited Partnership Four and Welch Family
Limited Partnership Nine (collectively, "Welch") filed an Involuntary Petition against Borrower,
initiating Bankruptcy Case No. 24-0036 (the "Bankruptcy Case"), in the United States Bankruptcy
Court for the District of Columbia (the "Bankruptcy Court"), which case remains pending.

2.     On February 9, 2024, SSHCOF filed a motion for relief from the automatic stay in
the Bankruptcy Case. (Case No. 24-0036, Doc. No. 6.)

3.     On March 15, 2024, the Bankruptcy Court entered its Order Granting Relief from
the Automatic Stay in favor of SSHCOF. (Case No. 24-0036, Doc. No. 62.)

4.     On April 22, 2024, Plaintiffs filed the Superior Court Action. Plaintiffs also filed
an Opposed Motion for Temporary Restraining Order (the "TRO Motion") seeking to enjoin
SSHCOF from conducting a foreclosure sale of Borrower's property located at 317 K Street,
Washington, DC (the "Property"), which sale is scheduled for April 25, 2024.

5.     As of the date of filing the Notice of Removal, Plaintiffs have not served
Defendants with the pleadings filed in the Superior Court Action or otherwise notified Defendants

2

that the case was filed. Rather, Defendants discovered the filing on April 22, 2024 as a result of their own review of the Superior Court docket.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

6.      In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, motions and orders filed in the Superior Court Action, including the Complaint and TRO Motion, are attached hereto collectively as **Exhibit A**. In addition, as required, by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court and served upon counsel for Plaintiffs.

7.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of receipt by or service on the Defendants of Plaintiffs' Complaint. Plaintiffs' Complaint was filed on April 22, 2024. Defendants have not yet been served with the Complaint. Accordingly, this Notice is timely filed.

8.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(e).

9.      The Superior Court is located in the District of Columbia. *See* 28 U.S.C. § 88. Venue is proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

10.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Plaintiffs' counsel simultaneously with its filing, and a copy of this notice is being filed the Clerk of the Superior Court.

### GROUNDS FOR REMOVAL

11.     This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1334(e). Borrower is the subject of the Bankruptcy Case and Borrower's Property is property of the bankruptcy estate and under the exclusive jurisdiction of this Court. *See* 28 U.S.C. § 1334(e)(1).

12.     Therefore, the Superior Court lacks jurisdiction to rule on the relief requested by Plaintiffs in the Complaint and TRO Motion, which are currently pending in the Superior Court.

13.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

14.     Defendants all consent to removal of this action. Defendant James Van Horn, Esq. consents to this removal.

15.     By seeking removal, Defendants do not waive, and expressly reserve, all rights, defenses, or objections of any nature that they may have to Plaintiffs' claims. Defendants do not waive any of their affirmative defenses as to sufficiency of process, sufficiency of service of process, jurisdiction, venue, failure to state a claim, failure to join a party, or any other affirmative defenses in this matter.

### REQUEST FOR REFERRAL TO BANKRUPTCY COURT

16.     District courts may refer all cases arising under or related to the Bankruptcy Court to the bankruptcy court for the district. See 28 U.S.C. § 157(a).

17.     Because the Borrower is the subject of the Bankruptcy Case, all of its assets, including but not limited to the Property, are considered property of the estate. *See* 11 U.S.C. § 541(a).

4

18.     Additionally, the Bankruptcy Court has already heard evidence and issued orders in connection with Borrower's Property and SSHCOF's rights in connection therewith.

19.     In the Complaint and TRO Motion, Plaintiffs seek relief with respect to the Property, which is property of Borrower's bankruptcy estate.

20.     Accordingly, Defendants respectfully request that the Superior Court Action be referred to the Bankruptcy Court as an adversary proceeding in the Bankruptcy Case.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that the above-captioned matter currently pending the Superior Court for the District of Columbia be removed to the United States District Court and that the matter be referred to the Bankruptcy Court as an adversary proceeding in the Bankruptcy Case.

This 24th day of April, 2024.

Respectfully submitted,

**BARNES & THORNBURG LLP**

*/s/ Teresa L. Jakubowski*
Teresa L. Jakubowski, Esq.
BARNES & THORNBURG LLP
555 12th Street, NW, Suite 1200
Washington, D.C. 20004
Phone: (202) 371-6351

*/s/ Lisa Wolgast*
**Lisa Wolgast, Esq.** (Pro Hac Forthcoming)
Georgia Bar No.: 773399
Lisa.Wolgast@btlaw.com
**BARNES & THORNBURG LLP**
3340 Peachtree Road, NE, Suite 2900
Atlanta, GA 30326-1092
Phone: (470) 832-7535

*Attorneys for SSHCOF II Washington DC, LLC,
and Peachtree Group*

5

eFiled
4/22/2024 9:38:34 AM
Superior Court
of the District of Columbia

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Birchington, LLC, et. al.,
_____
                    Plaintiff

vs.

                                    Case Number    2024-CAB-002481

SSHCOF II WASHINGTON DC, LLC
_____
                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stuart Peacock
_____
Name of Plaintiff's Attorney

1513 Varnum Street NW
_____
Address
Washington, DC 20011

(202) 714-6800
_____
Telephone

_Clerk of the Court_

By _____
                    Deputy Clerk

Date _____ **April 22, 2024** _____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오.          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                  Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                    Demandante

                    contra

                                                        Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

       Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

       A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

_____        Por: _____
Dirección                                                              Subsecretario

_____
                                                        Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት  (202) 879-4828  ይደውሉ

   IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

   Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

                                    Vea al dorso el original en inglés
                                    See reverse side for English original

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Birchington, LLC, et. al.,

_____
Plaintiff

vs.

Case Number    2024-CAB-002481
_____

PEACHTREE HOTEL GROUP II, LLC
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stuart Peacock
_____
Name of Plaintiff's Attorney

1513 Varnum Street NW
_____
Address
Washington, DC 20011
_____

(202) 714-6800
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date    April 22, 2024

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Birchington, LLC, et. al.,

                                        Demandante

         contra
                                                    Número de Caso: _____

PEACHTREE HOTEL GROUP II, LLC.,

                                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Stuart Peacock, Esq.
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

 1513 Varnum Street NW
_____          Por: _____
Dirección                                              Subsecretario
 Washington, DC 20011
_____

 (202) 714-6800
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역이 필요하시면(202) 879-4828 로전화해주십시오    ኣማርኛ ትርጉም ለማግኘት (202) 879-4828    ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Birchington, LLC, et. al.,
_____
Plaintiff

vs.

Case Number     2024-CAB-002481
_____

JAMES VAN HORN, ESQ
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stuart Peacock
_____
Name of Plaintiff's Attorney

1513 Varnum Street NW
_____
Address
Washington, DC 20011

(202) 714-6800
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date     April 22, 2024

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오    የትርጉም እገዛ ከፈለጉ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                           Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Birchington, LLC, et. al.,

                                                    Demandante

                    contra
                                                                            Número de Caso: _____

JAMES VAN HORN, ESQ

                                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Stuart Peacock, Esq.                                *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1513 Varnum Street NW                    Por: _____
_____
Dirección                                                              Subsecretario
Washington, DC 20011
_____

(202) 714-6800                              Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하시면 (202) 879-4828로 전화주십시오        ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                            Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Birchington, LLC, et. al.,
_____
                                    Plaintiff

vs.

                                              Case Number ___2024-CAB-002481___

KINSLEY CONSTRUCTION INC
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stuart Peacock
_____
Name of Plaintiff's Attorney

1513 Varnum Street NW
_____
Address
Washington, DC 20011

(202) 714-6800
_____
Telephone

*Clerk of the Court*

By _____
                                    Deputy Clerk

Date ___April 22, 2024___

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                    Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Birchington, LLC, et. al.,
_____
                                    Demandante

                contra

KINSLEY CONSTRUCTION INC
_____
                                    Demandado

Número de Caso: _____

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o el Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Stuart Peacock, Esq.                        *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1513 Varnum Street NW                Por: _____
_____
Dirección                                       Subsecretario
Washington, DC 20011
_____

(202) 714-6800                       Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역이 필요하시면 (202) 879-4828 로 연락하십시오         የአማርኛ ትርጉም ካስፈለገ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| BIRCHINGTON, LLC<br>c/o Lima Hotels LLC<br>400 North Capitol Street NW, Suite 790<br>Washington, D.C. 20001; and<br><br>HABTE SEQUAR<br>1219 K Street, NE, Suite 1100<br>Washington, DC 20002,<br><br>        Plaintiffs,<br>v.<br><br>SSHCOF II WASHINGTON DC, LLC<br>Serve: c/o Cogency Global, Inc.,<br>900 Old Roswell Lakes Parkway, Suite 310,<br>Roswell, GA, 30076;<br><br>PEACHTREE GROUP d/b/a<br>PEACHTREE HOTEL GROUP II, LLC<br>Serve: c/o Cogency Global, Inc.,<br>900 Old Roswell Lakes Parkway, Suite 310,<br>Roswell, GA, 30076;<br><br>JAMES VAN HORN, ESQ.,<br>Serve: 555 12th Street NW, Suite 1200<br>Washington, DC 20004; and<br><br>KINSLEY CONSTRUCTION, INC.,<br>Serve: c/o CT Corporation System<br>1015 15th Street NW, Suite 1000,<br>Washington, DC 20005,<br><br>        Defendants | Case No.:  2024-CAB-002481 |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW Plaintiffs BIRCHINGTON, LLC and HABTE SEQUAR and file this

Complaint against Defendants SSHCOF II Washington DC, LLC, PEACHTREE HOTEL GROUP

1

II, LLC, JAMES VAN HORN, ESQ., and KINSLEY CONSTRUCTION, INC., and states as
follows:

## PRELIMINARY STATEMENT

Defendant SSHCOF II Washington, DC, LLC, owned by Defendant Peachtree Hotel
Group II (collectively referred to herein as "Defendant Lenders") gave notice through Defendant
Substitute Trustee James Van Horn, Esq. ("Defendant Substitute Trustee") of a non-judicial
foreclosure auction to take place on April 25, 2024, at 11:00 a.m.  The newly constructed 247-
room Hotel Property that Defendant Lender and Defendant Substitute Trustee plan to sell at
auction is located at 317 K Street NW, Washington DC 20001 (the "Hotel Property" or the
"Holiday Inn Express").  Plaintiffs Birchington, LLC ("Plaintiff Borrower") and Mr. Habte Sequar
("Plaintiff Guarantor") seek a temporary restraining order and preliminary injunction halting the
April 25, 2024, auction by Alex Cooper Auctioneers, Inc. ("Auctioneer") and all other non-judicial
foreclosure activities initiated by Defendant Lenders regarding the Hotel Property.

Immediate judicial intervention in the form of a temporary restraining order is necessary
to prevent irreparable harm to Plaintiffs because: (1) the non-judicial foreclosure is being
conducted on only 30-days' notice, which is not sufficient time to properly market the specialized
Hotel Property, worth in excess of $100,000,000, for a competitive sale; (2) the non-judicial
foreclosure sale will unfairly and unduly prejudice the Plaintiff Guarantor (3) under the
circumstances, i.e. Defendant Substitute Trustee, with a direct conflict which prejudices Plaintiffs,
has chosen to conduct a non-judicial sale to benefit Defendant Lenders as they intend on credit
bidding the property at foreclosure sale.  Consequently, Plaintiffs are prejudiced by the fact that
they cannot mitigate their guaranty of the Loan with a proper accounting, nor can Plaintiff's ensure
that the Property will be sold at the highest value given that Defendant Substitute Trustee has a

direct conflict and has chosen to engage in a non-judicial sale with less than adequate notice for a niche property worth over $100,000,000[1]. Put in perspective, if the property is worth over $100,000,000 and the Loan amount is $85,000,000, then an adequately marketed sale, by way of listing the property on the multiple list service, engagement of a real estate broker to offer for sale, marketing nationwide to potential purchasers, etc. (all of the trappings of an arm's length sale) has the potential of providing adequate equity sufficient to resolve any potential deficiency by Plaintiff Guarantor and to pay unsecured creditors, which include debts to the District of Columbia Government of approximately $1,000,000, who will receive nothing if the non-judicial sale is allowed to go forward with no judicial intervention.

Plaintiff Borrower Plaintiff Guarantor have a substantial likelihood of success on the merits as the foreclosure proceedings initiated by Defendants are predicated on alleged defaults and debts that are grossly inflated and inaccurately portrayed due to Defendants' Breaches of contractual and fiduciary duties. The complexities and significant disputes of fact inherent in these proceedings merit a thorough examination at trial, rather than summary resolution through non-judicial foreclosure methods which could unjustly enrich Defendants at Plaintiffs' expense. In light of the substantive allegations of bad faith, Breach of contract, and other misconduct by Defendants, and given the substantial evidence indicating that Defendants have engineered defaults to facilitate an unjust takeover of the valuable property in question, it is both reasonable and necessary for this Court to order a cessation of all non-judicial foreclosure activities and to set this matter on a trial track. Such measures will ensure that all parties receive a fair opportunity to present their cases in

---

[1] The property is likely worth more than $500,000 per "key" [guest room] as is the going market rate for a property of this type.  As an example, the "AC Hotel" which is down the street from the Holiday Inn Express was sold in March 2024 for $535,000 per Key [the AC Hotel has more amenities and is a different product then the subject Hotel, however it is similarly situated and has comparable utility—therefore a discount of $35,000 has been applied for this example]. In this case the Holiday Inn Express has 247 rooms and would likely sell for $500,000 per unit which yields a market value of $124,000,000.  Under this analysis the total equity in the property is $38,000,000.

full, safeguarding the principles of equity and justice central to our legal system. Plaintiffs hereby plead for the Court's immediate and decisive action to prevent the imminent and wrongful loss of Plaintiffs' property, the compromise of Plaintiff's rights, and to ensure a resolution that respects the rights and interests of all parties involved.

## JURISDICTION AND VENUE

1.   This court has subject matter and personal jurisdiction over this matter based on D.C. Code § 11-921. Venue is proper because the actions complained of herein occurred within the District of Columbia.  The situs of the Hotel Property that is subject to the non-judicial foreclosure auction scheduled for April 25, 2024, is in the District of Columbia.

## PARTIES

2.   Plaintiff Birchington, LLC ("Plaintiff Borrower") is a District of Columbia Limited Liability Company located at 400 North Capitol Street NW, Suite 790 Washington, D.C. 20001.  Plaintiff Borrower is the owner and operator of the Holiday Inn Express located at 317 K Street NW, Washington, D.C. 20001.

3.   Plaintiff Habte Sequar ("Plaintiff Guarantor") is a natural person who is the sole member and owner of Bembridge, LLC.  Bembridge, LLC in turn is the sole member owner of Plaintiff Borrower.

4.   Defendant SSHCOF II Washington DC, also known as "Stonehill Strategic Hotel Credit Opportunity Fund II," is a state of Georgia limited liability company with a registered agent address of Cogency Global, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076, which Plaintiffs allege upon information and belief operates throughout the United States ("Defendant Stonehill" or individually as "Defendant Lender").

5.   Defendant Lender Peachtree Group, doing business as "Peachtree Hotel Group II"

4

97

is a state of Georgia limited liability company with a registered agent address of Cogency Global, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076, which Plaintiffs allege upon information and belief operates throughout the United States ("Defendant Lender Peachtree").  Defendant Lender Peachtree owns and operates Defendant Stonehill, which is the lienholder on the Hotel Property.

6.   Defendants Peachtree and Stonehill are collectively referred to as ("Defendant Lenders").

7.   Defendant James Van Horn, Esq., is an individual doing business at 555 12th Street NW, Suite 1200, Washington, DC 20004 is the named Substitute Trustee named in the foreclosure notice ("Defendant Substitute Trustee").

8.   Defendant Kinsley Construction, is a District of Columbia foreign Corporation, organized in the Commonwealth of Pennsylvania, with registered agent CT Corporation System of 1015 15th Street NW, Suite 1000, Washington, DC 20005 ("Defendant Contractor").

## INVOLVED NON-PARTIES

9.   The Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine ("Welch") Loaned Three Million ($3,000,000) Dollars to Plaintiffs for the development of the Hotel ("Welch Loan").  All parties were aware of Welch and the fact that Welch was a third-party beneficiary to the development of the Holiday Inn Express.  In addition to the Welch Loan, Welch Family Limited Partnership Four provided credit assurance by way of a guaranty to Kinsley for the Kinsley Loan [*supra*] for the development of the Holiday Inn

Express in the amount of Two Million ($2,000,000) Dollars[2]

## FACTS COMMON TO ALL CLAIMS

10. On or around late 2017 Plaintiff Guarantor purchased 317 K Street NW, Washington DC 20001 for the development of the Holiday Inn Express.

11. On or around April 8, 2019, Plaintiff Borrower executed an AIA "Standard Form of Agreement between Owner and Contractor" (the "Construction Agreement") for the development of the Property where Defendant Contractor, Kinsley Construction, Inc., served as the "General Contractor" or "GC" for the construction of the Holiday Inn Express.  See Exhibit [A]        .

12. On or around May 2, 2019, Defendant Borrower and Defendant Lender executed a Construction Loan Agreement ("Construction Loan Agreement"). See Exhibit [B].

13. As part of the financing for the Hotel project, Plaintiff Guarantor executed and delivered to Defendant Contractor a Term Note in conjunction with a construction of the Hotel. The note was for the original principal amount of $2,000,000 or "such lesser sum as is actually owed to Lender under the Construction Agreement."[3]

14. On February 12, 2020, as part of the Construction Agreement, Defendant Contractor agreed to advance Two Million ($2,000,000) Dollars or "such lesser sum as is actually owed to Lender" ("Kinsley Term Note").  See Exhibit [C].

15. On or about June 13, 2019, Plaintiff Borrower and Welch entered into an "Indemnity Agreement" concerning the Holiday Inn Express, Plaintiff Borrower and the Construction Agreement with Defendant Contractor.

---

[2] Contractor sued Welch under the guaranty in Kinsley Construction, Inc. v. Welch, DC Superior Court, 2023-CAB-1727.
[3] Contractor sued Plaintiff Guarantor under the Term Note and Modification Agreement in Kinsley Construction, Inc.  v. Habte Sequar, DC Superior Court, 2023-CAB-001729.

16. The Indemnity Agreement and the Kinsley Note requires that Plaintiff Guarantor make all payments on the Kinsley Note.

17. The Indemnity Agreement contemplated that upon Defendant Contractor's completed performance of the Construction Agreement, Plaintiff Guarantor and Plaintiff Borrower would pay the remaining amounts owed to Defendant Contractor pursuant to the Construction Agreement.

18. Welch contracted with Defendant Contractor to guaranty the Kinsley Note, even though Welch is not a party to the Kinsley Note.

19. On or around May 2, 2019, parties Plaintiff Borrower as "Borrower" and Defendant Lenders as "Lender" executed a Promissory Note in the amount of Fifty-Five Million ($55,000,000) Dollars (the "Loan").

20. On or around May 2, 2019, parties Plaintiff Borrower as "Borrower" and Defendant Lenders as "Lender" executed a Deed of Trust in the amount of Fifty-Five Million ($55,000,000) Dollars (the "Deed of Trust"). See Exhibit [D].

21. The Holiday Inn Express, once completed, will consist of a 247-guest room, choice property, in the heart of the District of Columbia.

22. Defendant Contractor was compensated as GC by over Thirty Million ($30,000,000) Dollars, Plaintiff Borrower, when Defendant Contractor was not in fact entitled to the monies as it had failed to perform its duties pursuant to the Construction Agreement.

23. Defendant Contractor did not complete the Construction Agreement as contracted and as a result all parties to this lawsuit have been harmed and negligently damaged by Defendant Contractor's various Breaches, to wit:

    a.  The Construction Agreement provided that the Holiday Inn Express was to be delivered and ready to commence operations within "Five Hundred Forty (540)

7

calendar days from the date of commencement of the Work."

b. The "Commencement of Work" effectively began on April 8, 2019.

c. The "Date of Delivery" of the finished construction project by Defendant Contractor was supposed to be September 29, 2020.

d. The "Actual Date of Delivery" of the finished construction project (technically the construction remains unfinished as outlined below) by Defendant Contractor was November 29, 2022.

e. The Actual Date of Delivery is some Twenty-Six (26) months after the agreed upon Date of Delivery pursuant to the Construction Agreement.

f. Defendant Contractor failed to meet the Date of Delivery and therefore Breached the Construction Agreement.

24. Defendant Contractor's Breach caused significant damages to the Plaintiffs.

25. Plaintiffs incurred pre-opening expenses of having to rebook guest reservations, paying employees, services and advance expenses that were lost due to Defendant Contractor's Date of Delivery Breach.

26. More significantly, Defendant Contractor's Breach made payment by the Plaintiff Borrower of the Loan obligations to Defendant Lender impossible and ultimately put the project in default and caused the bankruptcy of Plaintiff Borrower.

27. Defendant Contractor has also not completed performance of the Construction Agreement as there are uncompleted rooms at the Holiday Inn Express, which Defendant Contractor was required to complete, pursuant to the Construction Agreement and failed to complete.

28.  Defendant Contractor also engaged in negligence, resulting in significant damage to areas of the Holiday Inn Express after the Hotel opened, which resulted in substantial delays

and significant additional expenses, which pursuant to the Construction Agreement were the
Defendant Contractors responsibilities which it failed to meet at the detriment of Plaintiffs.

29. By way of example, Defendant Contractor's negligent actions led to significant
flooding in the building which resulted in damage to approximately 50 rooms which required
that the rooms be rebuilt which to date have not been completed.

30. Defendant Contractor's negligence and failure to complete construction on the
Hotel rooms pursuant to the Construction Agreement constitutes a Breach of the Construction
Agreement.

31. Through information and belief, the cost to complete the construction of a Hotel
room in the District of Columbia is approximately Five Hundred Thousand ($500,000) Dollars
per Hotel room.

32. Through information and belief, the cost of Defendant Contractor's Breaches for
its failures and negligence in completing the Hotel Property has caused millions of dollars in
damages to Plaintiffs.

33. As a direct consequence of Defendant Contractor's Breaches, on February 20,
2023, Plaintiff Borrower filed a voluntary petition under chapter 11 of the Bankruptcy Code in
this Court, initiating Case No. 23-0057-ELG (the "First Bankruptcy Case").

34. At or around the time of the First Bankruptcy Case, Defendant Contractor instituted
a series of separate Collection Cases against Plaintiff Guarantor and Welch [*supra*] concerning
the Kinsley Note.

35. The First Bankruptcy Case was filed as a result of the collection and foreclosure
activities of Defendant Lender after Defendant Contractor failed to deliver the property by the
Delivery Date.

36. The Holiday Inn Express first opened its doors on or around December 1, 2022,

and within one month of the grand opening, Defendant Lender began collection and activities against Plaintiff Guarantor and Plaintiff Borrower ("Foreclosure Sale #1") despite the fact that Defendant Lender took part in distribution of construction draws to Defendant Contractor, knowing of Defendant Contractors Breaches and non-performance of the Construction Contract.

37. Defendant Lender was the actual catalyst that led to the First Bankruptcy Case because it had forced Plaintiffs into alleged defaults in spite of the fact that Defendant Lender chose to fund the construction funding draws and pushing Plaintiffs into a circumstance of having to in essence accept Defendant Contractors Breaches of failing to Delivery the Hotel Project timely whereby Plaintiffs could not support a Loan payment.

38. Prior to Foreclosure Sale #1, Defendant Lender had provided indications that Defendant Lenders wished to dispossess Plaintiffs from ownership and take the Hotel over as its own Hotel to own and operate, however by that point Plaintiff was unable to obtain new financing because Defendant Lender had poisoned the lending market for Plaintiff, which is more fully described below.

39. As a resolution to the First Bankruptcy Case, on June 1, 2023, Plaintiff Borrower entered into a Settlement Agreement with Defendant Lenders concerning the Loan.  The Settlement Agreement provided, among other things, for the dismissal of the First Bankruptcy Case and certain payments to be made by Plaintiff Borrower to Defendant Lenders and required Plaintiff Borrower to obtain permanent financing by December 31, 2023—in spite of the fact that Defendant Lenders had allowed Plaintiff Borrower extensions of the Loan until March 2024 pursuant to the Construction Loan Agreement.

40. After the First Bankruptcy case was dismissed, Plaintiffs began a rigorous campaign of seeking out refinance opportunities which would "take out" the Defendant

Lenders Loan.

41. Plaintiffs were able to obtain a term sheet for refinancing from multiple lenders.

42. During Plaintiffs efforts to obtain more refinance of the Loan, Plaintiff Guarantor fully apprised Defendant Lender representatives of his efforts to obtain refinancing and included details such as the lenders that Plaintiffs were in contact with and the proposed Loan terms that proposed lenders were offering.

43. Through information and belief Defendant Lender utilized the information provided by Plaintiff Guarantor against him and made direct contact without his permission to the proposed refinance lenders.

44. Through information and belief Defendant Lender representatives acted to sabotage Plaintiffs effort in obtaining refinancing.

45. As a result of Defendant Lender's sabotage efforts, Plaintiffs were not able to obtain refinancing by the deadline imposed by the settlement agreement, which put Plaintiff Borrower into default.

46. While Plaintiff engaged in attempting to obtain financing and even after Plaintiffs were not able to obtain financing, Defendant Lender representatives indicated to Plaintiff that Defendant Lender would "work with him" and provided assurances that if Plaintiff Guarantor voluntarily signed the legal documents (modifications, settlement agreement, guaranty, etc.) that Defendant Lender would not foreclose and would give Plaintiffs additional time to get their refinancing in place.

47. On December 6, 2023, Defendant Lender notified Plaintiff Borrower that it was in default under the Settlement Agreement for alleged defaults.

48. On December 19, 2023, Plaintiff Borrower was notified that, because it failed to timely cure its defaults, the Settlement Agreement was terminated.

49. On December 21, 2023, Defendant Lenders marketed the Holiday Inn Express for a non-judicial foreclosure auction on February 8, 2024 ("Foreclosure Sale #2"), despite the fact that the Deed of Trust is ambiguous as to whether the "power of sale" clause was applicable under the circumstances—and that to maximize any sale price a judicial sale or a vigorous marketing campaign was in order.

50. On February 7, 2024, Welch filed an Involuntary Petition against Plaintiff Borrower in the United States District Court for the District of Columbia Bankruptcy Court Case No.: 24-00036 (the "Second Bankruptcy Case").

51. During the First Bankruptcy Case Defendant Contractor filed a mechanics lien against the Holiday Inn Express in the amount of $5,322,001.52, which remain unpaid through the Second Bankruptcy Case.

52. Plaintiffs and Defendant Lenders entered into various contractual agreements related to the financing and development of the Holiday Inn Express, which included the Construction Loan Agreement and other related financial arrangements which afforded Defendant Lender with powers not typically granted to a "Lender."

53. Throughout the course of their dealings, Defendant Lender exercised substantial control over the Hotel Property's financial and operational aspects, significantly beyond the scope typical of a mere lender. This control included, but was not limited to, decision-making authority in funding approvals, oversight of construction progress, and direct communications with contractors, specifically Defendant Contractor.

54. Defendant Lender was aware of and acquiesced in Defendant Contractor's Breaches of the Construction Agreement, specifically the late Delivery of the property, negligence and failure to complete construction, which directly affected Plaintiff's ability to pay the Defendant Lenders Loan.

12

55. Defendant Lender's actions demonstrated a level of involvement and control that effectively made it a partner in the project, thus creating an implied partnership and imposed greater duties as a contracting party between Defendant Lender and Plaintiffs.

56. Defendant Lender owns and operates over 100 Hotels nationwide, and part of its business model is in the capture and takeover of distressed Hotel properties, specifically undercapitalized projects, such as the Holiday Inn Express.

57. Defendant Lenders have utilized the business model of acquiring distressed Hotel properties to become a large market player in the Hotel industry, which affords Defendant Lenders the ability to take advantage of economies of scale, access to guest booking portals and the knowledge and acumen to capitalize on Plaintiffs financial distress.

58. In this case the Holiday Inn Express was "undercapitalized" because Defendant Lender, in contravention of the Construction Loan Agreement, withheld or failed to deliver moneys to Plaintiffs, as previously agreed, to make the project incapable of operation and appear as though Plaintiff Borrower was in default when in fact it was not in default under the terms of the implied partnership and based upon the explicate terms of the Construction Loan Agreement.

59. Defendant Lender is one of only a handful of lenders in the Hotel lending space and since Covid has been a dominant player in taking over undercapitalized projects and turning undercapitalized and underfunded projects and turning them into assets of the Defendant Lenders.

60. Defendant Lenders business model is predatory and negatively affect the markets that it enters to the detriment of the greater community.

61. Plaintiffs relied on Defendant Lender's representations and actions at the onset of the relation i.e. Defendant Lenders indicated to Plaintiffs that it was solely a lender—

"Stonehill" and only recently publicly acknowledging that Stonehill was actually owned and operated by Defendant Lenders.

62. Defendant Lenders led Plaintiffs to believe that it was committed to the project's success as a partner would be, acting solely in its capacity as a "lender" which was a lie.

63. Defendant Lenders Breached its duties under this implied partnership by prioritizing its interests at the expense of the project's success, such as by continuing to fund an underperforming contractor and by taking actions that led to financial strains on the project, ultimately culminating in its failure—so that Defendant Lender could inflate the Loan and make it impossible for Plaintiff to refinance and providing Defendant Lenders the opportunity to take over the Holiday Inn Express at foreclosure sale.

64. Defendant Lender's actions were contrary to the duty of good faith and fair dealing expected of a partner and expected in all of the agreements formulated with Plaintiffs and were aimed at undermining the project for Defendant Lender's own benefit, thereby breaching the implied partnership agreement and the contractual agreements with Plaintiffs.

65. Under District of Columbia law, an implied partnership is formed when parties act in a manner that demonstrates a joint business endeavor with shared profits and losses, mutual rights of control, and a fiduciary responsibility to each other.

66. Defendant Lenders extensive involvement in the management and financial aspects of the project, coupled with its significant control and decision-making authority, implied a partnership despite the absence of a formal partnership agreement.

67. The Construction Loan Agreement provided Defendant Lenders the power to act on behalf of Plaintiffs and to be a part of the construction project only held by partners and equity stake holders.

68. On or around February 2024, prior to the Foreclosure Sale #1, Defendant Lenders

and Defendant Contractor entered into an agreement, wherein Defendant Contractor released its mechanics lien against the property and made Defendant Lenders a party to the Construction Agreement without the consent of Plaintiffs.

69. The February 2024 agreement between Defendant Contractor and Defendant Lenders is further evidence of a partnership that was formed between Defendant Lender and Plaintiffs as Defendant Lender after the February 2024 agreement held all of the same contractual rights held by Plaintiff with Defendant Contractor, whereby Defendant Lender compounded its partnership in the project.

70. The Construction Loan Agreement contemplated that Plaintiff Borrower had a right to extend the Loan until March 2024. However, through a series of transactions Defendant Lender disregarded Plaintiff Borrowers option of extending its obligations and instead made manufactured defaults of Plaintiff Borrower, which Defendant Lender then utilized as a basis for tacking on additional fees and origination costs in the millions of dollars at the expense of Plaintiff Borrower and at the expense of stabilizing the Hotel Project.

71. In other words, Defendant Lender did not standby its promise to extend the Loan until March 2024 and instead began an aggressive campaign to dispossess Plaintiff from the property within one month of the Hotel's opening.

72. On March 21, 2024, Peachtree Marketed the Holiday Inn Express for a non-judicial foreclosure auction on April 25, 2024 ("Foreclosure Sale #2").

73. Plaintiffs are informed and believe Foreclosure #1 and Foreclosure #2 are Defendant Lenders' attempt to intimidate and harass Plaintiffs from protecting their rights to an accurate accounting of the Loan, and their right to have the Hotel Property sold for the highest market price and maximize equity for all parties.

74. The payoff statements that have been wildly different over the course of the

Peachtree Loan as another example of how Defendant Lender's practices were geared towards underfunding the project and making it impossible to determine the amount necessary for new financing and to make it impossible to obtain new financing.

75. Defendant Lender Peachtree assesses Attorney Fees of $6,523,479.59, allegedly based on a Georgia statute, that are unconscionable and usurious. Attorney fees amounted to over 12% of the face value of the original Loan amount and were compounded with additional interest accrued that amounted to over 13% of the face value of the note.

76. In a period of two and a half years the Peachtree Loan almost doubled, and Plaintiff Borrower had been paid interest during this period, which is not reflected in any of the payoff amounts that have been provided by Defendant Lenders.[4]

77. To date Plaintiff Borrower has not been provided an accounting of the Loan despite requests for an accounting.

78. Through information and belief, the Property is currently worth more than $110,000,000, which leave equity in the property to pay to Plaintiffs and creditors of Plaintiffs.

79. The Deed of Trust is ambiguous and under the circumstances warrant that a substitute trustee requires a judicial foreclosure with sufficient marketing to obtain the greatest market value at sale that is possible.

80. A judicial sale makes the most sense under the circumstances as Plaintiffs would have an opportunity to maximize its equity stake in the property and to deter Defendant Lenders from obtaining a windfall at the expense of Plaintiffs and Plaintiff creditors and guarantors.

81. The various contracts involved in this case contain an implied covenant obligating

---

[4] The Loan increased by $31,486,650.07 on an investment of $54,583,059.13 in approximately two years—during which much of the time the Hotel Project remained unfinished and unopened.

16

the parties to act in good faith and fair dealing which in this case have been woefully Breached by Defendants.

82. Throughout the development of the Holiday Inn Express Defendant Lenders and Defendant Contractor engaged in actions that were wrongful and which unjustly enriched these Defendants at the expense of Plaintiffs.

83. Defendant Lenders by orchestrating Foreclosure Sales 1-3, under questionable circumstances, and by leveraging its role both as a lender and an implicit partner, accrued benefits that were disproportionate to the agreed-upon terms of their lending and partnership agreements.

84. Defendant Lenders actions were aimed at acquiring the property through non-judicial foreclosure, which lacks transparency, thus capitalizing on the artificially deflated value of the Hotel due to the breaches and mismanagement attributed to Defendants.

85. Defendant Contractor received payments for construction work that was either incomplete or not up to the standards required by the Construction Agreement. Despite these shortcomings, Defendant Contractor retained these funds, which rightfully should either have been returned to the Plaintiffs or used to complete the construction as originally contracted.

86. The retention of funds and benefits under these circumstances by all mentioned Defendants has resulted in them holding property—monetary and potentially real—that in equity and good conscience should belong to Plaintiffs. This situation has unjustly deprived Plaintiffs of resources and property that would otherwise have been available to fulfill their obligations and support the successful completion and operation of the Hotel.

87. Under District of Columbia law, a constructive trust is an equitable remedy that may be imposed to prevent unjust enrichment when property has been wrongfully acquired or held by a party in circumstances where it is inequitable for them to retain it.

17

88. Plaintiffs have entered into financial and contractual relationships with Defendants Lender Peachtree and Defendant Contractor, which have involved substantial sums of money intended for the development and completion of the Holiday Inn Express property at 317 K Street NW, Washington, DC.

89. Defendant Lender Peachtree, as the lender and financial overseer, and Defendant Contractor, as the general contractor, were responsible for the proper management, allocation, and use of the funds provided for the construction and development of the Hotel Property. Both Defendants had access to and control over financial resources critical to the project's success.

90. Throughout the project, there have been numerous financial transactions, payments, and adjustments involving substantial amounts of money under the control of Defendant Lender Peachtree and Defendant Contractor. These transactions include but are not limited to Loans, advances, construction payments, penalties, and alleged defaults.

91. Plaintiffs have requested detailed accounts from Defendant Lender Peachtree and Defendant Contractor on multiple occasions to understand the allocation and status of funds, especially in light of the project's financial difficulties and subsequent disputes regarding performance under the contracts and alleged defaults.

92. Despite these requests, Defendants Peachtree and Defendant Contractor have failed to provide a full and transparent accounting that clarifies how every dollar was spent, which payments were made to whom, and the justifications for any charges or allocations that have significantly impacted the project's financial health.

93. The failure of Defendants to provide such accounting has prevented Plaintiffs from accurately assessing the financial status of the project, verifying the legitimacy of the alleged defaults, and defending against the foreclosure and other legal actions initiated by Defendant Lender Peachtree.

18

94. Under District of Columbia law, when a party has control over financial dealings or property of another and those financial dealings are complex and opaque, the court may order an accounting to clarify how the managed funds have been used, particularly when such accounting is necessary to resolve disputes related to mismanagement or misappropriation.

95. Plaintiffs allege that the complexity of the financial transactions, combined with the substantial amounts of money involved and the disputes regarding their proper management and allocation, necessitates a court-ordered accounting from Defendant Lender Peachtree and Defendant Contractor.

96. Plaintiffs further allege that without such an accounting, it is impossible to ascertain the exact financial position of the project, to verify the claims made by Defendants regarding defaults and other liabilities, and to ensure that all financial actions taken by Defendants were in accordance with their contractual and fiduciary duties.

### COUNT I.
### BREACH OF CONTRACT
### (AS TO PEACHTREE AND KINSLEY)

97. Plaintiffs hereby incorporate by reference, as if fully stated herein, all the preceding paragraphs of this complaint.

98. On or around May 2, 2019, Plaintiffs entered into a Construction Loan Agreement with Defendant Lender Peachtree, wherein Peachtree agreed to fund the construction of the Holiday Inn Express under specific terms and conditions that were mutually agreed upon.  See Exhibit [B].

99. Concurrently, Plaintiffs had entered into a Construction Agreement with Defendant Contractor, which was tasked with the construction of the Hotel Property in accordance with the terms specified in the agreement.  See Exhibit [A].

100.     Defendant Lender Peachtree Breached the Construction Loan Agreement by failing to act in good faith towards Plaintiffs. This Breach is evidenced by Defendant Lender Peachtree's failure to disclose its own conflicting interests in the project as a lender who also sought to acquire distressed properties. Peachtree's actions—or strategic inactions—regarding the financial support of the construction project were not in alignment with the agreed terms but were instead aimed at positioning the property for foreclosure and subsequent acquisition.

101.     Additionally, Defendant Lender Peachtree's continued funding of Defendant Contractor despite clear signs of underperformance and delay constitutes a Breach of their agreement to oversee and manage the Loan funds responsibly, ensuring they were used effectively for the project's completion as stipulated.

102.     Defendant Contractor Breached the Construction Agreement by failing to complete the project within the contractual timeline—540 calendar days from the commencement of work—and by failing to meet the quality and specific construction benchmarks agreed upon. The Delivery time Breach was failing to meet the agreed Delivery Date, and the failure to complete the construction and negligence Breach involved not completing essential parts of the Hotel, namely leaving rooms unfinished and commiting negligence that caused flooding damages to fifty rooms.

103.     These Breaches by Defendant Contractor were not just minor oversights; they were akin to a builder constructing a skyscraper but omitting the top floors, fundamentally compromising the structure's purpose and value.

104.     Under District of Columbia law, a Breach of contract occurs when one party fails to perform any term of a contract without a legitimate legal excuse. This includes not performing on time, not performing in accordance with the terms of the agreement, or not performing at all.

20

105.    Plaintiffs assert that both Defendant Lender and Defendant Contractor have

materially Breached their respective contracts through actions and omissions that have directly

resulted in significant losses and damages to the Plaintiffs, including but not limited to the cost

overruns, delays, and loss of potential revenue from the Hotel's operation and the total

financial ruin of Plaintiffs based upon the actions of Defendants.

**WHEREFORE,** Plaintiffs seek compensatory damages from Defendant Lender Peachtree

and Defendant Contractor for the financial losses incurred due to these Breaches, including

additional construction costs, lost revenue, and other expenses directly related to the Defendants'

failure to perform as contracted.  Plaintiffs also seek declaratory relief to have the terms of the

contracts specifically enforced or, alternatively, to have the contracts rescinded due to the

Breaches.  Plaintiffs be provided with an accounting of all monies received and expended

pursuant to the contracts  Plaintiffs request the Court to establish a constructive trust for any

proceeds of any foreclosure auction or sale until such time as Defendants have provided

Plaintiffs with a full accounting. Further, Plaintiffs request any other relief this Court deems just

and appropriate under the circumstances to remedy the Breaches of contract.

### COUNT II.
### BREACH OF FIDUCIARY DUTY
### (AS TO JAMES VAN HORN AND PEACHTREE)

106.    Plaintiff hereby incorporate by reference, as if fully stated herein, all the

preceding paragraphs of this complaint.

107.    Plaintiffs allege that Defendant Lender Peachtree, in its capacity as lender

and hidden competitor, Breached its fiduciary duties by failing to disclose conflicts of interest

and by funding failing Defendant Contractor, thereby setting Plaintiffs up for financial failure.

108.    Defendant Lender Peachtree, in its role as lender and financial overseer, and

21

Defendant James Van Horn, Esq., in his role as Substitute Trustee handling the foreclosure process, owed fiduciary duties to Plaintiffs including the duties of care, loyalty, and good faith.

109.    Defendant Lender Peachtree's involvement and control over the financial and operational aspects of the Hotel development project went beyond that of a typical lender. Defendant Lender Peachtree had a fiduciary duty to act in the best interests of the project, considering its substantial influence and control over funding, budgeting, and financial management decisions critical to the project's success.

110.    James Van Horn, Esq., as the Substitute Trustee, was entrusted with the duty to manage the foreclosure process impartially and responsibly, ensuring that all actions taken were in the best interest of all parties involved, including the Plaintiffs.

111.    Defendant Lender Peachtree Breached its fiduciary duties by prioritizing its own interests over those of the project and Plaintiffs. This Breach is evidenced by Defendant Lender Peachtree's continued funding of an underperforming contractor, Defendant Contractor, its failure to disclose conflicts of interest, and its actions leading to the financial distress of the project.

112.    Furthermore, Defendant Lender Peachtree's aggressive push towards foreclosure, based on allegedly inflated defaults and without providing a fair opportunity for Plaintiffs to cure any alleged defaults, further illustrates its disregard for the fiduciary duties owed to Plaintiffs.

113.    James Van Horn, Esq., Breached his fiduciary duties by not acting impartially in managing the foreclosure process. His actions were aligned more with the interests of Defendant Lender Peachtree, thereby failing to safeguard the interests of Plaintiffs as required by his role. This alignment is further demonstrated by the expedited and non-transparent manner in which the foreclosure notices were issued, utilizing a non-judicial

22

method when the Deed of Trust calls for a judicial foreclosure under the circumstances and failing to adequately market the property for sale.

114.     Under District of Columbia law, a fiduciary duty arises when one party places trust in another with a corresponding obligation to act primarily for the benefit of the party bestowing that trust. Both lenders with substantial control over a borrower's business operations and Trustees overseeing foreclosure processes are recognized as fiduciaries with respect to the affected parties.

115.     The actions of Defendant Lender Peachtree and James Van Horn, Esq., demonstrate clear Breaches of these duties by placing their interests, or the interests of one party over another, in direct conflict with their obligations to act fairly and impartially towards Plaintiffs.

**WHEREFORE,** Plaintiffs seek compensatory damages for losses incurred as a result of these Breaches of fiduciary duty, in an amount to be determined at trial. Plaintiffs also seek equitable relief, including an injunction to prevent any further foreclosure actions against the Holiday Inn Express property until these fiduciary Breaches are fully adjudicated. Further, Plaintiffs request any other relief this Court deems just and proper to rectify the harm caused by these Breaches of fiduciary duty.

### COUNT III.
### DECLARATORY RELIEF
### (AS TO PEACHTREE)

116.     Plaintiffs restate and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

117.     Through their dealings and the nature of their agreements, an implied partnership was formed between Plaintiffs and Defendant Lender Peachtree, as detailed in

earlier counts. This partnership necessitated fiduciary responsibilities similar to those in an explicit partnership, including transparency, good faith, and fair dealing in the management of the project and related financial undertakings.

118.     The Deed of Trust executed on May 2, 2019, between Plaintiff Borrower as Borrower and Defendant Lender Peachtree as Lender for the construction of the Holiday Inn Express, outlines the security and repayment terms for the provided funds and the required steps required to enforce the Deed of Trust.  See Exhibit [D]. The terms of this Deed of Trust, coupled with District of Columbia law, dictate that a judicial sale is required to resolve any disputes over the property and to ensure all parties' interests are equitably managed.

119.     Despite these requirements and the fiduciary duties implied by the partnership, Defendant Lender Peachtree has initiated non-judicial foreclosure actions, which Plaintiffs contend are not only appropriate given the complex financial and operational interdependencies but also contrary to the terms of the Deed of Trust and the legal protections afforded to them under District of Columbia law.

120.     Plaintiffs allege that the non-judicial foreclosure process initiated by Defendant Lender Peachtree is designed to circumvent the judicial scrutiny required to untangle the intricacies of the implied partnership's financial entanglements and to expedite the acquisition of the property by Defendant Lender Peachtree at a significantly undervalued price, to the detriment of Plaintiffs and other stakeholders.

121.     Plaintiffs seek a judicial declaration that: 1.) An implied partnership exists between Plaintiffs and Defendant Lender Peachtree, imposing fiduciary duties that influence the management of the project and any dispute resolution processes, including foreclosures, distribution of payments, sale and marketing of the property and management of the funds received from the operation of the Hotel Property, 2.) The Deed of Trust, as well as pertinent

24

District of Columbia statutes, require a judicial sale process in the event of a foreclosure to ensure that such a sale is conducted fairly and transparently, thereby protecting the interests of all parties involved.

122.    Such a declaration is essential not only to prevent the imminent and improper foreclosure of the property but also to affirm the rights and duties of the parties under the complex legal and contractual arrangements governing their relationships.

**WHEREFORE,** Plaintiffs request the Court issue a declaratory judgment stating that the implied partnership conditions require adherence to fiduciary duties by Defendant Lender Peachtree and that the terms of the Deed of Trust necessitate a judicial sale rather than a non-judicial foreclosure auction. Plaintiffs also seek an injunction based on this declaration, to halt the current non-judicial foreclosure proceedings initiated by Defendant Lender Peachtree and to mandate that any future foreclosure actions proceed only through a judicial sale. Further, Plaintiffs seek any other relief this Court finds just and appropriate under the circumstances to enforce the terms of the agreements and the law.

### COUNT IV.
### INJUNCTIVE RELIEF
### (AS TO PEACHTREE)

123.    Plaintiffs restate and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

124.    Defendant Lender Peachtree has initiated foreclosure actions against the Holiday Inn Express property, purportedly based on defaults under the financial agreements between Defendant Lender Peachtree and Plaintiffs. These actions threaten to deprive Plaintiffs of their property and investment under circumstances that Plaintiffs allege involve substantial misrepresentations and Breaches of fiduciary duty by Defendant Lender Peachtree

and Defendant Substitute Trustee.

125.    Plaintiffs contend that the foreclosure proceedings have been conducted in a manner that lacks transparency and fairness, involving the artificial inflation of debts and the manipulation of contractual Breaches to trigger defaults unjustly.

126.    The imminent non-judicial foreclosure auction scheduled by Defendant Lender Peachtree is likely to result in the property being sold at a significantly undervalued price, which would cause irreparable harm to Plaintiffs by stripping them of their property and equity contained therein and the potential to recover their investment through more equitable means.

127.    The actions of Defendant Lender Peachtree, if not enjoined, will result in Plaintiffs losing their legal and equitable interests in the property permanently, and the harm to Plaintiffs would be immediate and potentially irreversible, as it would prevent them from realizing the full value of their investment and from continuing their business operations at the location.

128.    District of Columbia law allows for injunctive relief when a party demonstrates that they are likely to suffer irreparable harm in the absence of such relief, that there are no adequate remedies available at law, that they have a likelihood of success on the merits of their underlying claims, and that the public interest would be served by the issuance of an injunction.

129.    Plaintiffs have shown that they are likely to suffer irreparable harm if the foreclosure sale proceeds, as they would lose their property and the business it supports without just compensation or due process of law, given the alleged improper actions of Defendant Lender Peachtree.

130.    Plaintiffs assert that they have a substantial likelihood of success on the

merits of their claims for Breach of contract, Breach of fiduciary duty, and other related claims as detailed in this complaint.

131.    The public interest favors an injunction, as it supports the enforcement of fair business practices and the prevention of unjust enrichment and abuse of the foreclosure process.

**132.**    **WHEREFORE**, Plaintiffs seek an order from this Court enjoining Defendant Lender Peachtree from proceeding with the non-judicial foreclosure auction of the Holiday Inn Express property scheduled on April 25, 2024, and from taking any further actions to foreclose on the property while this case is pending.  Plaintiffs request that this Court issue a preliminary and permanent injunction to prevent irreparable damage to their property rights and interests.  Plaintiffs also seek any other relief this Court deems just and appropriate under the circumstances to preserve the status quo and protect Plaintiffs' interests until the resolution of this legal action.

**COUNT V**
**UNJUST ENRICHMENT**
**(AS TO ALL DEFENDANTS)**

133.    Plaintiffs restate and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

134.    Throughout the course of the Hotel development project, each Defendant engaged in actions or inactions that conferred financial benefits upon themselves, which were unjustly retained at the expense of Plaintiffs without proper compensation or justification.

135.    Defendant Lender Peachtree, through its roles as lender and alleged partner, received payments and accrued interest under the terms that were significantly inflated due to the alleged defaults and fees that Plaintiffs contend were improperly assessed or fabricated to

create a pretext for foreclosure and acquisition of the Hotel Property.

136.    Defendant Contractor was enriched by payments received for construction work that was either not completed as per the agreed standards or not completed at all, thereby failing to earn the full amount it received and leaving the project in an incomplete and devalued state.

137.    Defendant James Van Horn, Esq., as the Substitute Trustee, managed the foreclosure process in a manner that favors Defendant Lender Peachtree, potentially receiving benefits through fees or preferential treatment for facilitating a non-judicial foreclosure process that disadvantages Plaintiffs and lacks transparency.

138.    Defendant Lender Peachtree stand to gain from the foreclosure sale conducted under questionable circumstances, possibly obtaining the property or contracts related to its operation at under-market values due to the non-judicial foreclosure process orchestrated by Defendant Lender Peachtree and Defendant Substitute Trustee.

139.    All Defendants have thus benefited from their respective roles in actions that directly contributed to the financial distress of the Hotel Property and the subsequent losses incurred by Plaintiffs, without adequately compensating Plaintiffs for their investments and efforts.

140.    Under District of Columbia law, unjust enrichment occurs when one party unjustly retains a benefit at the expense of another, and it is inequitable for the party retaining the benefit to do so without paying for its value.

141.    Plaintiffs allege that the enrichment of each Defendant was unjust because it resulted from Breaches of contractual obligations, fiduciary duties, or from procedural improprieties in the foreclosure process, all of which were to the detriment of Plaintiffs.

142.    The Defendants' retention of these benefits without proper justification or

28

compensation to Plaintiffs constitutes unjust enrichment, for which restitution is owed to Plaintiffs.

**WHEREFORE,** Plaintiffs seek restitution from each Defendant for the value of the benefits unjustly retained, to be quantified at trial. Plaintiffs also request that the Court orders disgorgement of all profits, benefits, and other compensation obtained by Defendants from their involvement in the project and the subsequent foreclosure proceedings. Further, Plaintiffs seek any other relief this Court finds just and appropriate to prevent the unjust enrichment of Defendants at the expense of Plaintiffs.

## COUNT VI.
## BREACH OF CONSUMER PROTECTION STATUTE
### (AS TO PEACHTREE AND SUBSTITUTE TRUSTEE)

143.    Plaintiffs restate and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

144.    On or around May 2, 2019, Plaintiff Guarantor executed a personal guaranty in favor of Defendant Lender Peachtree as part of the financing arrangements for the development of the Holiday Inn Express.

145.    The personal guaranty obligated Plaintiff Guarantor to be personally liable for the repayment of the Loan if Plaintiff Borrower failed to meet its Loan obligations.

146.    Defendants engaged in deceptive and unconscionable practices concerning the negotiation, application, and enforcement of the personal guaranty. These practices included but were not limited to 1.) Misrepresenting the terms and risks associated with the guaranty to Plaintiff Guarantor, 2.) Failing to provide Plaintiff Guarantor with all relevant information regarding the financial health and projections of the project that impacted his understanding and willingness to enter into the guaranty, 3.) Manipulating the terms of the

29

Loan and the performance of the construction to precipitate a default that would trigger Plaintiff Guarantor's personal guaranty, 4.) Imposing inflated and unjustifiable charges and interest rates under the Loan agreement that were designed to make it impossible for Plaintiff Borrower to meet its obligations, thereby triggering Plaintiff Guarantor's guaranty, 5.) Utilizing the non-judicial foreclosure process to effect unfair advantage for Defendant Lender Peachtree to take the Hotel Property at foreclosure sale and take a windfall against the interests of Plaintiffs.

147.     These actions and the overall conduct of Defendant Lender Peachtree were aimed at securing an unfair advantage over Plaintiff Guarantor, exploiting his lack of options to protect his investment and his business from collapse.

148.     Under the District of Columbia Consumer Protection Procedures Act (CPPA), consumers are protected against a variety of deceptive, unfair, and abusive practices. Although Plaintiff Guarantor entered into the guaranty primarily in a business context, the nature and application of Defendant Lender Peachtree's actions constitute consumer transactions under the CPPA due to the personal financial liability imposed on Plaintiff Guarantor.

149.     The CPPA allows for the pursuit of legal remedies when deceptive, unconscionable, or misleading trade practices affect a consumer's decisions or conduct regarding a transaction that results in personal financial obligations.

150.     Plaintiffs assert that Defendant Lender Peachtree's conduct violated several provisions of the CPPA by engaging in practices that were deceptive and designed to unduly enrich Defendant Lender Peachtree at the expense of Plaintiff Guarantor's personal and business interests.

**WHEREFORE** Plaintiffs seek an order declaring that Defendant Lender Peachtree's actions in connection with the personal guaranty and the associated Loan agreements violated the District of Columbia Consumer Protection Procedures Act.  Plaintiffs request restitution for Plaintiff Guarantor, including but not limited to the rescission of the personal guaranty and compensation for all losses and damages sustained as a result of Defendant Lender Peachtree's unlawful practices.  Plaintiffs seek statutory damages and treble damages as allowed under the CPPA for willful violations of the statute.  Plaintiffs also request punitive damages to deter similar conduct in the future and to punish Defendant Lender Peachtree for its willful misconduct.  Further, Plaintiffs seek attorney's fees and costs associated with bringing this claim, as permitted under the CPPA.  Plaintiffs request any other relief that the Court deems just and appropriate under the circumstances.

**JURY TRIAL DEMANDED**

Dated: April 19, 2024               Respectfully Submitted,

                                    BIRCHINGTON, LLC and HABTE SEQUAR
                                    By Counsel

                                    /s./ Stuart L. Peacock Esq.

                                    Stuart L. Peacock, Esq.
                                    LAW OFFICES OF STUART L. PEACOCK
                                    1513 Varnum Street NW
                                    Washington, DC 20011
                                    (202) 714-6800
                                    DC BAR #428908
                                    stuart.l.peacock@gmail.com
                                    *Counsel for Birchington, LLC and Habte Sequar*

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

|  |  |  |
|---|---|---|
| BIRCHINGTON, LLC, et. al., | ) | |
| Plaintiffs, | ) | Case No.: _____ |
| v. | ) | |
|  | ) | |
| SSHCOF II WASHINGTON DC, LLC, et. al., | ) | |
| Defendants | ) | |

DISTRICT OF COLUMBIA, to wit:

<u>**MEMORANDUM OF LIS PENDENS**</u>

COME NOW, Plaintiff, Welch Family Limited Partnership Four, by counsel, gives notice of Lis Pendens, by this Memorandum filed in the Clerk's Office of the District of Columbia Superior Court in the District of Columbia of a certain cause, the title of which is Complaint, against defendants SSHCOF II Washington, DC, LLC, Peachtree Hotel Group II, LLC, James Van Horn, Esq, and Kinsley Construction, Inc., the general object thereof is to enforce contracts concerning the real Property as more particularly set forth as follows:

<u>**See Exhibit [A]**</u>
(Legal Description):

Dated: April 19, 2024

Respectfully Submitted,

BIRCHINGTON, LLC and HABTE SEQUAR
By Counsel

<u>/s./ Stuart L. Peacock Esq.</u>

Stuart L. Peacock, Esq.
LAW OFFICES OF STUART L. PEACOCK
1513 Varnum Street NW
Washington, DC 20011
(202) 714-6800
DC BAR #428908
stuart.l.peacock@gmail.com
*Counsel for Birchington, LLC and Habte Sequar*

## <u>LEGAL DESCRIPTION</u>

Lot numbered Twenty-Eight (28) in square numbered five hundred twenty-six (526) in a subdivision recorded in plat book 65 in the office of the surveyor for the district of Columbia.

Address: 317 K Street NW, Washington DC 20001.

**Parcel 1:**

Part of Original Lot 2 in Square 526 and more particularly described as follows:

Beginning at the Southeast comer of said lot, thence West on K Street 13 feet 8 '14 inches, thence North 100 feet, thence East 13 8 1/4 inches, thence South 100 feet to the point of beginning.
Note: At the date hereof, the above described land is designated on the records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 825 in Square 526.
Address: 303 K Street NW, Washington, DC

**Parcel 2:**

Part of Original Lot 2 in Square 526 and more particularly described as follows:

Beginning at a point 13 feet 8 1/4. Inches West of the Southeast comer of said lot, and running thence West 13 feet 8 1/4. inches; thence North 100 feet; thence east 13 feet 8 1/4. inches, and thence South 100 feet to the point of beginning; Except the West 2 1/2, inches front by depth of 48 feet conveyed by deed recorded among the Land Records of the District of Columbia, in Liber 2088 at folio 163.
Note: At the date hereof, the above described land is designated on the records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 824 in Square 526.
Address: 305 K Street NW, Washington, DC

**Parcel 3:**
Lot numbered Twenty (20) in Letitia C. Walsh and Daniel A. Duffy's subdivision of part of original Lot 2, in Square Five Hundred Twenty-six (526) as per plat recorded in Liber 84 at folio 171 in the Office of The Surveyor for the District of Columbia.

Address: 307 K Street NW, Washington, DC

**Parcel 4:**
Lot numbered Twenty-one (21) in Letitia C. Walsh and Daniel A. Duffy's subdivision of part of original Lot 2, in Square Five Hundred Twenty-six (526) as per plat recorded in Liber 84 at folio 171 in the Office of The Surveyor for the District of Columbia.

Address: 309 K Street NW, Washington, DC

**Parcel 5**

Part of Original Lots 2 and 3 in Square 526 and more particularly described as follows:
Beginning for the same at a line of K Street, 44.00 feet East from the Southwest comer of
said Lot numbered Three (3) and of said Square, and running thence East along the line
of said Street 22.00 feet 5 1/2 inches; thence north 80.00 feet; thence West 22.00 feet 5
1/2 inches; thence South 80.00 feet to the place of beginning
Note: At the date hereof, the above described land is designated on the records of the
Assessor of the District of Columbia for assessment and taxation purposes as Lot 829 in
Square 526.

Address: 311 K Street NW, Washington, DC

**Parcel 6:**

Part of Original Lot 3 in Square 526 and more particularly described as follows:

Beginning at a point on the line of K Street distant Twenty-two (22) feet East from the
Southwest comer of said Lot and running thence East Twenty-two (22) feet; thence North
Eighty (80) feet; thence West Forty-four (44) feet to the line of Fourth Street; thence
South on Fourth Street, Four (4) feet; thence East Twenty-two feet (22) feet; thence South
Seventy-six (76) feet to the point of beginning.
Note: At the date hereof, the above described land is designated on the records of the
Assessor of the District of Columbia for assessment and taxation purposes as Lot 804 in
Square 526.

Address: 315 K Street NW, Washington, DC 20001

**Parcel** 7:

Part of Original Lot 3 in Square 526 and more particularly described as follows:
Beginning at the Southwest comer of said Lot and running thence East on K Street,
Twenty-two (22) feet; thence North Seventy-six (76) feet; thence West Twenty-two (22)
feet to Fourth Street; and thence South on Fourth Street, Seventy-six
(76) feet to the point of beginning.

Note: At the date hereof, the above described land is designated on the records of the
Assessor of the District of Columbia for assessment and taxation purposes as Lot 805 in
Square 526.

Address: 317 K Street NW, Washington, DC 20001

Case 24-10015-ELG-01D0B-RDM Filed 04/23/24 Entered 04/24/24 15:33:19 Desc Main
Document     Page 129 of 171

eFiled
4/22/2024 9:38:34 AM
Superior Court
of the District of Columbia



**Superior Court of the District of Columbia**
**CIVIL DIVISION – Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Case No.    2024-CAB-002481

## MOTION FOR RESTRAINING ORDER

☑ **TEMPORARY RESTRAINING ORDER**
An emergency order that lasts 14 days

☑ **PRELIMINARY INJUNCTION**
An emergency order that lasts until trial

BIRCHINGTON, LLC and HABTE SEQUAR

PLAINTIFF     vs     SSHCOF II WASHINGTON DC, LLC, et al.

DEFENDANT

1219 K Street, NE, Suite 1100

Address (No Post Office Boxes)

900 Old Roswell Lakes Parkway

Address (No Post Office Boxes)

| Washington | DC | 20002 |
|---|---|---|
| City | State | Zip Code |

| Roswell | GA | 30076 |
|---|---|---|
| City | State | Zip Code |

(202) 714-6800

Telephone Number

Telephone Number

Email Address (optional)

Email Address (optional)

1. Is there an emergency? If yes, what is the nature of that emergency? Include facts, name(s), and location(s):

A non-judicial foreclosure sale of Plaintiff Birchington LLC's Washington D.C. hotel property is scheduled for April 25, 2024 at 11:00 a.m.

The facts, names and locations are set forth in detail in the accompanying Complaint.

2. Plaintiff requests that the Court order the Defendant(s) to:

Plaintiffs Birchington, LLC ("Plaintiff Borrower") and Habte Sequar ("Plaintiff Guarantor") seek  a temporary restraining order

preventing Defendants SSHCOF II Washington DC, LLC and PEACHTREE HOTEL GROUP II, LLC, (collectively "Defendant Lenders")

from proceeding with the non-judicial foreclosure auction sale now scheduled for April 25, 2024.

Form CA-3073 [Rev. Nov. 2017]      1      Super. Ct. Civ. R. 65

*The following questions are optional and can be helpful to the Court.*

A. What is the relationship between Plaintiff and Defendant?

☐ Landlord & Tenant                   ☐ Family

☐ Dating relationship or child in common   ☐ Friends or former friends

☐ Neighbors                           ☐ No relationship

☐ Co-Workers                          ☐ Other (explain):

_____

_____

_____

_____

B. Were the police contacted about the incident?

☐ Yes                                 ☐ No

C. Was anyone arrested?

☐ Yes                                 ☐ No

If yes, provide the name of the individual(s) arrested:

_____

_____

D. Are there any **prior** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

☐ Yes                                 ☐ No

If yes, provide the case number(s) and location of the other court(s):

_____

_____

_____

2

E.  Are there any **ongoing** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

    ☐ Yes                                    ☐ No

    If yes, provide the case number(s) and location of the other court(s):

_____

_____

F.  Is there a written or oral lease agreement between Plaintiff and Defendant?

    ☐ Yes                                    ☐ No

G.  Is there an eviction pending?

    ☐ Yes                                    ☐ No

    If yes, provide the eviction date and explain:

_____

_____

H.  Does this case involve a foreclosure?

    ☐ Yes                                    ☐ No

    If yes, explain the status of the case:

_____

_____

_____

I.  Does this case involve students attending the same school?

    ☐ Yes                                    ☐ No

    If yes, explain:

_____

_____

_____

3

State any other information, of which the Court should be aware:

_____

_____

_____

_____


### SIGNATURE


/s./Stuart Peacock, Esq.
_____          _____
**SIGNATURE**                                          **DATE**


### CERTIFICATE OF SERVICE


On _____, 20____, I mailed this motion to all the lawyers in the case, the
Plaintiff(s) and the Defendant(s) who do not have lawyers, as listed below:

| Name: | Name: |
|---|---|
| Address: | Address: |
| | |
| | |


_____          _____
**SIGNATURE**                                          **DATE**


### POINTS AND AUTHORITIES


What legal basis – laws, regulations, court rules or decisions – do you want the judge to consider?

_____

_____

_____


_____          _____
**SIGNATURE**                                          **DATE**

4

<u>CERTIFICATE OF SERVICE</u>

On April 19, 2024, I emailed this motion to all lawyers in the case, and mailed a copy to the the Defendants, as listed below.

<u>VIA ELECTRONIC MAIL TO jvanhorn@btlaw.com</u>

<u>VIA ELECTRONIC MAIL TO JTomevi@barley.com</u>

SSHCOF II WASHINGTON DC, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

PEACHTREE GROUP d/b/a
PEACHTREE HOTEL GROUP II, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

JAMES VAN HORN, ESQ.,
Serve: 555 12th Street NW, Suite 1200
Washington, DC 20004; and

KINSLEY CONSTRUCTION, INC.,
Serve: c/o CT Corporation System
1015 15th Street NW, Suite 1000, Washington, DC 20005

Dated: 04/19/2024

<u>/s./Stuart Peacock, Esq.</u>
Stuart Peacock, Esq.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

|  |  |  |
|---|---|---|
| BIRCHINGTON, LLC<br>c/o Lima Hotels LLC<br>1219 K Street, NE, Suite 1100<br>Washington, DC 20002, | )<br>)<br>)<br>)<br>) | Case No.: <u>2024-CAB-002481</u> |
| HABTE SEQUAR<br>1219 K Street, NE, Suite 1100<br>Washington, DC 20002, | )<br>)<br>)<br>) | |
| Plaintiffs,<br>v. | )<br>)<br>) | |
| SSHCOF II WASHINGTON DC, LLC<br>Serve: c/o Cogency Global, Inc.,<br>900 Old Roswell Lakes Parkway, Suite 310,<br>Roswell, GA, 30076; | )<br>)<br>)<br>) | |
| PEACHTREE GROUP d/b/a<br>PEACHTREE HOTEL GROUP II, LLC<br>Serve: c/o Cogency Global, Inc.,<br>900 Old Roswell Lakes Parkway, Suite 310,<br>Roswell, GA, 30076; | )<br>)<br>)<br>)<br>) | |
| JAMES VAN HORN, ESQ.,<br>Serve: 555 12th Street NW, Suite 1200<br>Washington, DC 20004; and | )<br>)<br>)<br>) | |
| KINSLEY CONSTRUCTION, INC.,<br>Serve: c/o CT Corporation System<br>1015 15th Street NW, Suite 1000,<br>Washington, DC 20005, | )<br>)<br>)<br>) | |
| Defendants. | )<br>)<br>)<br>)<br>) | |

**OPPOSED MOTION FOR TEMPORARY RESTRAINING ORDER**

COME NOW Plaintiffs BIRCHINGTON, LLC ("Plaintiff Borrower") and HABTE

SEQUAR ("Plaintiff Guarantor") and moves this Honorable Court for a temporary restraining

1

order to enjoin the Defendants SSHCOF II Washington DC, LLC ("Defendant Lender Stonehill"), Peachtree Hotel Group II, LLC ("Defendant Lender Peachtree") (collectively "Defendant Lenders") and James Van Horn, Esq. ("Defendant Auctioneer") from proceeding with the non-judicial foreclosure sale of the newly-constructed 247-room hotel property located at 317 K Street NW, Washington DC 20001 (the "Hotel Property" or the "Holiday Inn Express") now scheduled for 11:00 a.m. on April 25, 2024.

## RULE 12-I CERTIFICATION

Undersigned counsel hereby certifies that consent was sought to the relief requested in the accompanying motion from known counsel of record for Defendants including James Van Horn and consent was not forthcoming.

## POINTS AND AUTHORITIES

This Motion is based on the accompanying Complaint, the exhibits thereto, and live testimony as permitted.  In support of this Motion, Plaintiff states as follows:

1. This action arises out of the Defendant Lender's attempt to foreclose on the Hotel Property pursuant to a Construction Deed of Trust, Assignments of Rents and Leases, Security Agreement, and Fixture Filing (collectively, the "Security Instrument"), which allegedly secures a substantial debt owed by the Plaintiffs to the Defendant Lenders.  The loan related to the construction and served as funding for the Defendant Contractor.

2. Plaintiffs are informed and believe that Defendant Lenders assert that, in the event of a deficiency following the auction, Defendant Lenders have recourse against Plaintiff Borrower.

3. A non-judicial foreclosure sale of the Hotel Property is currently scheduled for April 25, 2024, at 11:00 a.m. at the offices of Alex Cooper Auctioneers, 4910 Massachusetts

Avenue, N.W., Suite 100, Washington, D.C. 20016.  According to the March 21, 2024, Amended Notice of Foreclosure Sale, the balance is $83,791,751.  The notice purports to be Subject to postponement for a period not to exceed 30 days from the original date of the foreclosure sale.

4.  Defendant Substitute Trustee, James Van Horn, is a member of the same law firm that represents Defendant Lenders.  Plaintiffs respectfully submit this is a conflict of interest prejudicial to Plaintiffs.  Defendant Substitute Trustee has the option of a judicially supervised foreclosure, but instead has chosen to conduct a non-judicial foreclosure on only 32-days' notice.  Defendant Substitute Trustee is aware that the bankruptcy court found (without any contrary evidence) that there was at least 11% equity in the Hotel Property.  Insofar as the non-judicial foreclosure option precludes adequate time to properly maximize the auction price of a 247-room hotel property, it unreasonably affords Defendant Lenders the opportunity to credit bid at the auction and obtain the Hotel Property for far less at a foreclosure auction held on an expedited basis that was advertised with less then adequate, having not listed the Property on the multiple list service, advertised nationally, engage the services of a real estate broker, etc.

5.  Defendant Lender seeks to purchase the property at the foreclosure because its sole operator, Jaitin Desai has said as much, publicly.  Plaintiffs are informed and believe that because Defendant Lender intends on making a credit bid at the auction, they have essentially overstated the amounts that are due (without accounting for Plaintiffs' rights to an offset for damages based on the Defendant Contractor's breaches—nor the offsets based upon the allegations stated more fully in Plaintiff's Complaint) in an attempt to discourage competitive bidding.

6.  The estimated current value of the Hotel Property is in excess of One Hundred and

3

Ten Million ($110,000,000.00) Dollars.[1]  The Hotel Property is a fully operational 247-room hotel at the present time.

7.   Plaintiff Borrower and Plaintiff Guarantor contest the amount of the balance and assert defenses to the debt based on breaches by the Defendant Contractor Kinsley of the Construction Agreement, to wit the completion date far exceeded the contracted-for completion date, and approximately 50 of the rooms were damaged by Defendant Contractor's negligence, requiring that they be rebuilt with many of the units remaining unfinished as of the date of this filing.

8.   Defendant Contractor brought suit against Plaintiff Guarantor in *Kinsley Construction, Inc. v. Habte Sequar*, DC Superior Court, 2023-CAB-001729.   Plaintiff Guarantor counter-sued Defendant Contractor therein asserting a claim for damages and asserted defenses to payment based on material breaches by Defendant Contractor of the Construction Agreement.

9.   Non-parties The Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine (collectively "Welch") loaned up to Three Million ($3,000,000) Dollars for the development of the hotel ("Welch Loan").   In addition to the Welch Loan, Welch provided credit assurance by way of a guaranty to Defendant Contractor for the development of the Holiday Inn Express in the amount of Two Million ($2,000,000) Dollars.[2]

10. Plaintiffs will be prejudiced by a minimally competitive auction in that they cannot mitigate their guaranty of the loan without a proper accounting, nor can Defendant Lenders ensure that the Hotel Property will be sold at the highest value.   Put in perspective, if the property is conservatively worth over $110,000,000 and the loan amount is $83,000,000, then

---

[1] District of Columbia Bankruptcy Court Case No. 24-00036
[2] Contractor sued Welch under the guaranty in Kinsley Construction, Inc. v. Welch, DC Superior Court, 2023-CAB.

an adequately conducted sale, by way of listing the property on the multiple list service, engagement of a real estate broker to offer for sale, marketing nationwide to potential purchasers, etc. (all of the trappings of an arm's length sale) has the potential of providing adequate equity sufficient to resolve any potential deficiency by Plaintiff Guarantor and to pay unsecured creditors, including Defendant Contractor, which Welch has guaranteed, and a substantial tax claim with the District of Columbia.  See DC Code § 42-814 (b).

11. **Standard for Injunctive Relief:**    "The decision [whether] to grant or deny preliminary injunctive relief is committed to the sound discretion of the trial court." *Fountain v. Kelly*, 630 A.2d 684 (D.C. 1993), *quoting Stamenich v. Markovic*, 462 A.2d 452, 456 (D.C. 1983).  A proper exercise of discretion requires the trial court to consider whether the moving party has clearly demonstrated (1) that there is a substantial likelihood he will prevail on the merits; (2) that he is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order. *Wieck v. Sterenbuch*, 350 A.2d 384, 387 (D.C.App. 1976).

12. **Likelihood of Success on the Merits**:  Plaintiffs seek to enjoin the auction as set forth in the accompanying Complaint on the grounds that Defendant Lenders and Defendant Contractor are not entitled to the amounts stated on the simple bases that the delayed completion and water damage and failure to deliver the Hotel Property in a complete state must be resolved prior to any contemplated sale under the circumstances.  Defendants have purposefully chosen to ignore their breaches to further their own interests and to change the narrative for self-serving purposes.  Amounts allegedly due are substantially inflated because construction draws were knowingly allowed to the benefit of Defendant Contractor and to the

5

138

detriment of Plaintiffs.  Additionally, the auction is being conducted by Defendant Substitute
Trustee, James Van Horn, who is counsel for Defendant Lenders.  The apparent conflict of
interest is resulting in a public auction on only 32 days' notice of Hotel Property valued at well
over $110,000,000.  Plaintiff has substantial questions concerning the legal validity of the
Security Instrument modifications and the procedural compliance of the Defendant with
District of Columbia foreclosure laws, specifically regarding notice requirements.

13. **Danger of Suffering Irreparable Harm:**  Plaintiffs will suffer irreparable harm if
the foreclosure sale proceeds as scheduled. The loss of the Property, which includes a 247
room, thirteen-story hotel, cannot be adequately remedied by monetary damages due to its
unique nature and the ongoing business operations conducted therein.

14. **Balance of Harms**: The balance of harms weighs heavily in favor of the Plaintiff,
as the wrongful foreclosure sale would result in the loss of a significant real estate asset and
disrupt existing business operations, while the postponement of the sale imposes minimal harm
on the Defendant.  As stated in the foreclosure notice, the notice itself allows for 30 days'
postponement.

15. **Public Interest:**   The public interest supports the issuance of a temporary
restraining order to ensure that property rights are not transferred or extinguished without due
process and compliance with the governing law.

16. Absent injunctive relief, Plaintiffs do not have an adequate and complete remedy
at law.  Plaintiffs will be divested of all equity in the Hotel Property by the foreclosure.  If a
third-party purchase the Hotel Property at auction, then an additional entity will necessarily be
involved, to the detriment of all parties.

WHEREFORE, Plaintiffs respectfully request that this Court issue a Temporary

Restraining Order, enjoining the Defendant and its agents, employees, successors, assigns, and all persons acting in concert with them from proceeding with the foreclosure sale of the Property scheduled for April 25, 2024, and any actions that would alter the status quo of the ownership of the Property pending a further order of this Court.

Dated: April 19, 2024                    Respectfully Submitted,

                                        BIRCHINGTON, LLC and HABTE SEQUAR
                                        By Counsel

                                        /s./ Stuart L. Peacock Esq.

                                        Stuart L. Peacock, Esq.
                                        LAW OFFICES OF STUART L. PEACOCK
                                        1513 Varnum Street NW
                                        Washington, DC 20011
                                        (202) 714-6800
                                        DC BAR #428908
                                        stuart.l.peacock@gmail.com
                                        *Counsel for Birchington, LLC and Habte Sequar*

7

<u>CERTIFICATE OF SERVICE</u>

On April 19, 2024, I emailed this motion to all lawyers in the case, and mailed a copy to the the Defendants, as listed below.

<u>VIA ELECTRONIC MAIL TO jvanhorn@btlaw.com</u>

<u>VIA ELECTRONIC MAIL TO JTomevi@barley.com</u>

   SSHCOF II WASHINGTON DC, LLC
   Serve: c/o Cogency Global, Inc.,
   900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

   PEACHTREE GROUP d/b/a
   PEACHTREE HOTEL GROUP II, LLC
   Serve: c/o Cogency Global, Inc.,
   900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

   JAMES VAN HORN, ESQ.,
   Serve: 555 12th Street NW, Suite 1200
   Washington, DC 20004; and

   KINSLEY CONSTRUCTION, INC.,
   Serve: c/o CT Corporation System
   1015 15th Street NW, Suite 1000, Washington, DC 20005

Dated: 04/19/2024

   <u>/s./Stuart Peacock, Esq.</u>
   Stuart Peacock, Esq.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Judge-in-Chambers**

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| **BIRCHINGTON, LLC. et al.,**        | : | **Case No. 2024-CAB-2481** |
|     **Plaintiffs,**                  | : |                          |
|                                      | : | **NEXT EVENT:**          |
| **v.**                               | : | **Motion Hearing**       |
|                                      | : | **4/24/24, 2:30 PM**     |
| **SSHCOF II WASHINGTON, DC, LLC.**   | : | **Judge-in-Chambers**    |
| **et al.,**                          | : |                          |
|     **Defendants.**                  | : |                          |
|                                      | : |                          |

## SCHEDULING ORDER

The Court issues this Scheduling Order to set a hearing on Plaintiffs' Motion for Temporary Restraining Order. The hearing on Plaintiffs' Motion will be set for the 24th day of April 2024 at 2:30 PM. Plaintiffs shall have Defendants served with copies of (1) this Order, (2) the Complaint, (3) the Motion for a Temporary Restraining Order, (4) the Initial Order, (5) the summons, and (6) the attached instructions to join the hearing. Plaintiffs should ensure that Defendants are served these documents in accordance with the rules of service included in the Civil Division Handbook.[1] Additionally, Plaintiffs shall file with the Clerk's office a completed affidavit of service prior to the hearing.[2]

Therefore, it is by the Court this 23rd day of April 2024, hereby:

**ORDERED** that a hearing on Plaintiffs Motion for a Temporary Restraining Order shall be set at 2:30 PM on the 24th day of April 2024; and it is further

---

[1] The Handbook for People Who Represent Themselves in Civil Cases is accessible at https://www.dccourts.gov/sites/default/files/matters-docs/Handbook-for-Self-Represented-Parties-in-Civil-Cases.pdf.
[2] Documents may be electronically filed at https://www.dccourts.gov/superior-court/e-filing.

**ORDERED** that Plaintiffs must serve Defendants with this Order, Plaintiffs' Motion, the Complaint, the Initial Order, the summons, and instructions to join the remote hearing; and it is further

**ORDERED** that Plaintiffs shall file proof of service prior to the hearing.

**SO ORDERED**.

_____/s/_____
Milton C. Lee, Associate Judge
Sitting in Judge-in-Chambers

Copies to:
Stuart Peacock, Esq.                        James Van Horn, Esq.
*Counsel for Plaintiffs*                    *Counsel for Defendants*

### Judge-in-Chambers Remote Hearing Instructions for Participants

Parties and counsel may access Virtual Courtroom 400 in the following ways:

(1)  Going to the WebEx website at https://dccourts.webex.com/meet/ctb400 or going to https://dccourts.webex.com and, under "Join a Meeting," entering Meeting ID number 129 339 7379; or

(2)  Downloading the WebEx Meetings app, opening the app, selecting Join Meeting, and entering https://dccourts.webex.com/meet/ctb400; or

(3)  Calling 1-844-992-4726 or 202-860-2110 and entering Meeting ID number 129 339 7379 followed by "##".

Parties having trouble connecting to their remote hearing may contact the Civil Actions Branch of the Civil Division at (202) 879 - 1133. The DC Courts have remote hearing sites available at the DC Superior Court Library and in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. If you want to use a remote site location for your hearing, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station. **Failure to appear at a remote proceeding may result in dismissal of a case.**

**PLEASE NOTE: All parties and counsel are highly encouraged to appear by WebEx video and ensure that their name appears on screen, unless significant circumstances make it necessary for you to appear by telephone.**

When entering the virtual courtroom (by dialing in on a phone, or signing in through the website or app), the party should not attempt to speak because another hearing may be underway. Each party should be automatically muted by the courtroom clerk when you first arrive. If you are using the WebEx website or the app, you may check in with the courtroom clerk using the "chat" function. If you are on a telephone, you should wait for your case to be called. For best practices on how to participate in Webex Meetings, click here: https://www.webex.com/learn/best-practices.html.



**Superior Court of the District of Columbia**
**Civil - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**(202) 879-1133 | www.dccourts.gov**

**Case Number:** 2024-CAB-002481

**Case Style:** Birchington, LLC et al. v. SSHCOF II WASHINGTON DC, LLC et al.

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 07/26/2024 | 9:30 AM | Remote Courtroom 131 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Neal E Kravitz.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated below, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

**To Join by Computer, Tablet, or Smartphone:**

1)  Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

    Link: dccourts.webex.com/meet/ctb131

    Meeting ID: 2336 589 2483

2)  When you are ready, click "Join Meeting".
3)  You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1)  Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2)  Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1)  For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2)  For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3)  For case questions, call the Civil Actions Branch Clerk's Office at (202) 879-1133.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov . The D.C. Courts does not provide transportation service.


**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.


**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.


**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጽህፈት ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

   Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

# District of Columbia Courts

## Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings.  The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

### The remote site locations are:

| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
|---|---|
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location *** |



If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**.  If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call:  **202-879-1900**
Email:  DCCourtsRemoteSites@dcsc.gov




# Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de l**unes a viernes, de 8:30 am a 4:00 pm**.

### Los centros de acceso remoto son:

**Sitio Remoto - 1**
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

**Sitio Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Sitio Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002



**Sitio Remoto - 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Sitio Remoto - 5**
Reeves Center
2000 14th Street, NW, 2nd Floor
Community Room
Washington, DC 20009

**Sitio Remoto - 6**
Reeves Center
2000 14th Street, NW, Suite 300N
Office of the Tenant Advocate
Washington, DC 20009
*No se puede entrar sin cita previa*

Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto. Si** necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

CO 929
Rev: 3/2024

## UNITED STATES DISTRICT AND BANKRUPTCY COURTS

## FOR THE DISTRICT OF COLUMBIA

Date: _____4/24/2024_____

BIRCHINGTON, LLC et al

_____
Plaintiff

     vs.                          Civil Action No.: _24-cv-01193_ (RDM)

SSHCOF II WASHINGTON DC, LLC et al

_____
Defendant

### NOTICE TO COUNSEL

       The above-entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge Randolph D. Moss_____. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for the judge's initials).

       Pursuant to Local Rule 83.2(a) and (b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

       Finally, your attention is called to Local Rule 16.3 Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

                           ANGELA D. CAESAR, Clerk

               By: _____/s/ Nicole M. Wilkens_____
                            Deputy Clerk

CC:

## UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

*ANGELA D. CAESAR*
*Clerk of Courts*

### NOTICE OF RIGHT TO CONSENT TO TRIAL
### BEFORE A UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in the delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to trial of your case by a United States Magistrate Judge. By statute, 28 USC §636(c), Fed.R.Civ.P. 73 and Local Civil Rule 73.1, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a United States District Judge in a civil case.

### WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Civil Rule 16.3 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

**All parties** must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are <u>not</u> foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Counsel for the plaintiff has been furnished a copy of the "Notice, Consent and Reference of a Civil Action to a Magistrate Judge (AO 85)" form. If and when the form is executed, your response should be made to the Clerk of the United States District Court.

### WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form the case will be randomly assigned for all purposes to a Magistrate Judge.

### HOW DO I FILE?

Once the form is signed by **all parties**, submit the form to the Clerk's Office by mail or email, or file it electronically in CM/ECF using the event ***Consent to Proceed before Magistrate Judge for All Purposes*** (under **<u>Other Documents</u>**). **Do not file the form unless signed by all parties.**

n:\Forms\Notice of Right to Consent to Trial
CO-942A Rev. 3/22

AO 85 (Rev. 02/17)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| _____ | ) |
| *Defendant* | ) |

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:  _____              _____
                                                                    *District Judge's signature*

                                                                    _____
                                                                    *Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

153

U.S. District Court
District of Columbia (Washington, DC)

| | |
|---|---|
| BIRCHINGTON, LLC ) | |
| c/o Lima Hotels LLC ) | |
| 1219 K Street, NE, Suite 1100 ) | Case No.: 1:24-cv-01193 |
| Washington, DC 20002, ) | |
| ) | |
| HABTE SEQUAR ) | |
| 1219 K Street, NE, Suite 1100 ) | |
| Washington, DC 20002, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| SSHCOF II WASHINGTON DC, LLC ) | |
| Serve: c/o Cogency Global, Inc., ) | |
| 900 Old Roswell Lakes Parkway, Suite ) | |
| 310, Roswell, GA, 30076; ) | |
| ) | |
| PEACHTREE GROUP d/b/a ) | |
| PEACHTREE HOTEL GROUP II, LLC ) | |
| Serve: c/o Cogency Global, Inc., ) | |
| 900 Old Roswell Lakes Parkway, Suite ) | |
| 310, Roswell, GA, 30076; ) | |
| ) | |
| JAMES VAN HORN, ESQ., ) | |
| Serve: 555 12th Street NW, Suite 1200 ) | |
| Washington, DC 20004; and ) | |
| ) | |
| KINSLEY CONSTRUCTION, INC., ) | |
| Serve: c/o CT Corporation System ) | |
| 1015 15th Street NW, Suite 1000, ) | |
| Washington, DC 20005, ) | |
| ) | |
| Defendants ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

**PRAECIPE REGARDING OPPOSED MOTION FOR TRO RELATING TO APRIL 25, 2024 NON-JUDICIAL AUCTION**

COME NOW Plaintiffs BIRCHINGTON, LLC ("Plaintiff Borrower") and HABTE

SEQUAR ("Plaintiff Guarantor") and, on the provision that the joint removal by all Defendants is

perfected before the April 24, 2024 hearing on Plaintiffs' TRO taking place at 2:30 pm today,

Plaintiffs re-file the attached Motion for TRO in the above-captioned matter and request that the

non-judical auction be enjoined by this Court before the 11:00 am April 25, 2024 auction, or that

an emergency hearing be scheduled to postpone the auction.

Dated: April 24, 2024          Respectfully Submitted,

                               BIRCHINGTON, LLC and HABTE SEQUAR
                               By Counsel

                               /s./ Stuart L. Peacock Esq.

                               Stuart L. Peacock, Esq.
                               LAW OFFICES OF STUART L. PEACOCK
                               1513 Varnum Street NW
                               Washington, DC 20011
                               (202) 714-6800
                               DC BAR #428908
                               stuart.l.peacock@gmail.com
                               *Counsel for Birchington, LLC and Habte Sequar*

## CERTIFICATE OF SERVICE

I hereby certain that on this day, the foregoing **PRAECIPE REGARDING OPPOSED MOTION FOR TRO RELATING TO APRIL 25, 2024 NON-JUDICIAL AUCTION** was electronically filed using the Court's CM/ECF system which will send email notification of such filing to all counsel of record and that I served the foregoing via email as follows:

Teresa L. Jakubowski, Esq.
DC Bar No. 443380
Teresa.Jakubowski@btlaw.com
555 12th Street, NW, Suite 1200
Washington, D.C. 20004

Joshua L. Schwartz
126 East King Street
Lancaster, PA 17602
jschwartz@barley.com

Lisa Wolgast, Esq. (Pro Hac Forthcoming)
Georgia Bar No.: 773399
Lisa.Wolgast@btlaw.com
BARNES & THORNBURG LLP
3340 Peachtree Road, NE, Suite 2900
Atlanta, GA 30326-1092

James Van Horn, Esq.
555 12th Street NW, Suite 1200
Washington, DC 20004
jvanhorn@btlaw.com

3

Filed
4/22/2024 9:38:34 AM
Superior Court
of the District of Columbia



**Superior Court of the District of Columbia**
**CIVIL DIVISION – Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Case No.    2024-CAB-002481

## MOTION FOR RESTRAINING ORDER

| ■ **TEMPORARY RESTRAINING ORDER** | ■ **PRELIMINARY INJUNCTION** |
|---|---|
| An emergency order that lasts 14 days | An emergency order that lasts until trial |

BIRCHINGTON, LLC and HABTE SEQUAR

PLAINTIFF                          **vs**

1219 K Street, NE, Suite 1100

Address (No Post Office Boxes)

Washington  DC        20002

City      State      Zip Code

(202) 714-6800

Telephone Number

Email Address (optional)

SSHCOF II WASHINGTON DC, LLC, et al.

DEFENDANT

900 Old Roswell Lakes Parkway

Address (No Post Office Boxes)

Roswell   GA       30076

City      State      Zip Code

Telephone Number

Email Address (optional)

1.  Is there an emergency? If yes, what is the nature of that emergency? Include facts, name(s), and location(s):

A non-judicial foreclosure sale of Plaintiff Birchington LLC's Washington D.C. hotel property is scheduled for April 25, 2024 at 11:00 a.m.

The facts, names and locations are set forth in detail in the accompanying Complaint.

2.  Plaintiff requests that the Court order the Defendant(s) to:

Plaintiffs Birchington, LLC ("Plaintiff Borrower") and Habte Sequar ("Plaintiff Guarantor") seek a temporary restraining order

preventing Defendants SSHCOF II Washington DC, LLC and PEACHTREE HOTEL GROUP II, LLC, (collectively "Defendant Lenders")

from proceeding with the non-judicial foreclosure auction sale now scheduled for April 25, 2024.

Form CA-3073 [Rev. Nov. 2017]                    1                    Super. Ct. Civ. R. 65

*The following questions are optional and can be helpful to the Court.*

A. **What is the relationship between Plaintiff and Defendant?**

☐ Landlord & Tenant          ☐ Family

☐ Dating relationship or child in common     ☐ Friends or former friends

☐ Neighbors                   ☐ No relationship

☐ Co-Workers              ■ Other (explain):

_____

_____

_____

_____

B. Were the police contacted about the incident?

☐ Yes                 ☐ No

C. Was anyone arrested?

☐ Yes                 ■ No

If yes, provide the name of the individual(s) arrested:

N/A

_____

D. Are there any **prior** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

☐ Yes                 ■ No

If yes, provide the case number(s) and location of the other court(s):

N/A

_____

_____

2

E.  Are there any **ongoing** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

    ■ Yes         ☐ No

    If yes, provide the case number(s) and location of the other court(s):

    Kinsley Construction, Inc.  v. Habte Sequar, DC Superior Court, 2023-CAB-001729

F.  Is there a written or oral lease agreement between Plaintiff and Defendant?

    ☐ Yes         ☐ No

G.  Is there an eviction pending?

    ☐ Yes         ■ No

    If yes, provide the eviction date and explain:

    N/A

H.  Does this case involve a foreclosure?

    ■ Yes         ☐ No

    If yes, explain the status of the case:

    Foreclosure Auction Scheduled for April 25, 2024

I.  Does this case involve students attending the same school?

    ☐ Yes         ■ No

    If yes, explain:

    N/A

State any other information, of which the Court should be aware:

## See attached Motion and Points and Authorities attached.

_____

_____

_____

### SIGNATURE

/s./Stuart Peacock, Esq.
_____          **04/19/2024**
**SIGNATURE**                      _____
                                   **DATE**

### CERTIFICATE OF SERVICE

On **April 19,** _____, 20 **24**, I mailed this motion to all the lawyers in the case, the
Plaintiff(s) and the Defendant(s) who do not have lawyers, as listed below:

| Name: | Name: |
|---|---|
| Address: | Address: |
| See attached certificate of service recipient list. | |
| | |

/s./Stuart Peacock, Esq.
_____          **04/19/2024**
**SIGNATURE**                      _____
                                   **DATE**

### POINTS AND AUTHORITIES

What legal basis – laws, regulations, court rules or decisions – do you want the judge to consider?

## See attached Motion and Points and Authorities attached.

_____

_____

/s./Stuart Peacock, Esq.
_____          **04/19/2024**
**SIGNATURE**                      _____
                                   **DATE**

4

## CERTIFICATE OF SERVICE

On April 19, 2024, I emailed this motion to all lawyers in the case, and mailed a copy to the the Defendants, as listed below.

**VIA ELECTRONIC MAIL TO jvanhorn@btlaw.com**

**VIA ELECTRONIC MAIL TO JTomevi@barley.com**

SSHCOF II WASHINGTON DC, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

PEACHTREE GROUP d/b/a
PEACHTREE HOTEL GROUP II, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

JAMES VAN HORN, ESQ.,
Serve: 555 12th Street NW, Suite 1200
Washington, DC 20004; and

KINSLEY CONSTRUCTION, INC.,
Serve: c/o CT Corporation System
1015 15th Street NW, Suite 1000, Washington, DC 20005

Dated: 04/19/2024

/s./Stuart Peacock, Esq.
Stuart Peacock, Esq.

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | | |
|---|---|---|
| BIRCHINGTON, LLC<br>c/o Lima Hotels LLC<br>1219 K Street, NE, Suite 1100<br>Washington, DC 20002, | ) ) ) ) ) | Case No.: 2024-CAB-002481 |

BIRCHINGTON, LLC )
c/o Lima Hotels LLC )
1219 K Street, NE, Suite 1100 )
Washington, DC 20002, )
)                                                    Case No.: 2024-CAB-002481
HABTE SEQUAR )
1219 K Street, NE, Suite 1100 )
Washington, DC 20002, )
)
          Plaintiffs, )
v. )
)
SSHCOF II WASHINGTON DC, LLC )
Serve: c/o Cogency Global, Inc., )
900 Old Roswell Lakes Parkway, Suite 310, )
Roswell, GA, 30076; )
)
PEACHTREE GROUP d/b/a )
PEACHTREE HOTEL GROUP II, LLC )
Serve: c/o Cogency Global, Inc., )
900 Old Roswell Lakes Parkway, Suite 310, )
Roswell, GA, 30076; )
)
JAMES VAN HORN, ESQ., )
Serve: 555 12th Street NW, Suite 1200 )
Washington, DC 20004; and )
)
KINSLEY CONSTRUCTION, INC., )
Serve: c/o CT Corporation System )
1015 15th Street NW, Suite 1000, )
Washington, DC 20005, )
)
          Defendants. )
)
)
)
_____ )

## OPPOSED MOTION FOR TEMPORARY RESTRAINING ORDER

COME NOW Plaintiffs BIRCHINGTON, LLC ("Plaintiff Borrower") and HABTE

SEQUAR ("Plaintiff Guarantor") and moves this Honorable Court for a temporary restraining

1

order to enjoin the Defendants SSHCOF II Washington DC, LLC ("Defendant Lender Stonehill"),

Peachtree Hotel Group II, LLC ("Defendant Lender Peachtree") (collectively "Defendant

Lenders") and James Van Horn, Esq. ("Defendant Auctioneer") from proceeding with the non-

judicial foreclosure sale of the newly-constructed 247-room hotel property located at 317 K Street

NW, Washington DC 20001 (the "Hotel Property" or the "Holiday Inn Express") now scheduled

for 11:00 a.m. on April 25, 2024.

### RULE 12-I CERTIFICATION

Undersigned counsel hereby certifies that consent was sought to the relief requested in the

accompanying motion from known counsel of record for Defendants including James Van Horn

and consent was not forthcoming.

### POINTS AND AUTHORITIES

This Motion is based on the accompanying Complaint, the exhibits thereto, and live

testimony as permitted.  In support of this Motion, Plaintiff states as follows:

1.  This action arises out of the Defendant Lender's attempt to foreclose on the Hotel

Property pursuant to a Construction Deed of Trust, Assignments of Rents and Leases, Security

Agreement, and Fixture Filing (collectively, the "Security Instrument"), which allegedly

secures a substantial debt owed by the Plaintiffs to the Defendant Lenders.  The loan related to

the construction and served as funding for the Defendant Contractor.

2.  Plaintiffs are informed and believe that Defendant Lenders assert that, in the event

of a deficiency following the auction, Defendant Lenders have recourse against Plaintiff

Borrower.

3.  A non-judicial foreclosure sale of the Hotel Property is currently scheduled for

April 25, 2024, at 11:00 a.m. at the offices of Alex Cooper Auctioneers, 4910 Massachusetts

2

Avenue, N.W., Suite 100, Washington, D.C. 20016.  According to the March 21, 2024, Amended Notice of Foreclosure Sale, the balance is $83,791,751.  The notice purports to be Subject to postponement for a period not to exceed 30 days from the original date of the foreclosure sale.

4.  Defendant Substitute Trustee, James Van Horn, is a member of the same law firm that represents Defendant Lenders.  Plaintiffs respectfully submit this is a conflict of interest prejudicial to Plaintiffs.  Defendant Substitute Trustee has the option of a judicially supervised foreclosure, but instead has chosen to conduct a non-judicial foreclosure on only 32-days' notice.  Defendant Substitute Trustee is aware that the bankruptcy court found (without any contrary evidence) that there was at least 11% equity in the Hotel Property.  Insofar as the non-judicial foreclosure option precludes adequate time to properly maximize the auction price of a 247-room hotel property, it unreasonably affords Defendant Lenders the opportunity to credit bid at the auction and obtain the Hotel Property for far less at a foreclosure auction held on an expedited basis that was advertised with less then adequate, having not listed the Property on the multiple list service, advertised nationally, engage the services of a real estate broker, etc.

5.  Defendant Lender seeks to purchase the property at the foreclosure because its sole operator, Jaitin Desai has said as much, publicly.  Plaintiffs are informed and believe that because Defendant Lender intends on making a credit bid at the auction, they have essentially overstated the amounts that are due (without accounting for Plaintiffs' rights to an offset for damages based on the Defendant Contractor's breaches—nor the offsets based upon the allegations stated more fully in Plaintiff's Complaint) in an attempt to discourage competitive bidding.

6.  The estimated current value of the Hotel Property is in excess of One Hundred and

3

Ten Million ($110,000,000.00) Dollars.[1]  The Hotel Property is a fully operational 247-room hotel at the present time.

7.  Plaintiff Borrower and Plaintiff Guarantor contest the amount of the balance and assert defenses to the debt based on breaches by the Defendant Contractor Kinsley of the Construction Agreement, to wit the completion date far exceeded the contracted-for completion date, and approximately 50 of the rooms were damaged by Defendant Contractor's negligence, requiring that they be rebuilt with many of the units remaining unfinished as of the date of this filing.

8.  Defendant Contractor brought suit against Plaintiff Guarantor in *Kinsley Construction, Inc. v. Habte Sequar*, DC Superior Court, 2023-CAB-001729.  Plaintiff Guarantor counter-sued Defendant Contractor therein asserting a claim for damages and asserted defenses to payment based on material breaches by Defendant Contractor of the Construction Agreement.

9.  Non-parties The Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine (collectively "Welch") loaned up to Three Million ($3,000,000) Dollars for the development of the hotel ("Welch Loan").  In addition to the Welch Loan, Welch provided credit assurance by way of a guaranty to Defendant Contractor for the development of the Holiday Inn Express in the amount of Two Million ($2,000,000) Dollars.[2]

10. Plaintiffs will be prejudiced by a minimally competitive auction in that they cannot mitigate their guaranty of the loan without a proper accounting, nor can Defendant Lenders ensure that the Hotel Property will be sold at the highest value.  Put in perspective, if the property is conservatively worth over $110,000,000 and the loan amount is $83,000,000, then

---

[1] District of Columbia Bankruptcy Court Case No. 24-00036

[2] Contractor sued Welch under the guaranty in Kinsley Construction, Inc. v. Welch, DC Superior Court, 2023-CAB.

4

an adequately conducted sale, by way of listing the property on the multiple list service, engagement of a real estate broker to offer for sale, marketing nationwide to potential purchasers, etc. (all of the trappings of an arm's length sale) has the potential of providing adequate equity sufficient to resolve any potential deficiency by Plaintiff Guarantor and to pay unsecured creditors, including Defendant Contractor, which Welch has guaranteed, and a substantial tax claim with the District of Columbia.  See DC Code § 42-814 (b).

11. **Standard for Injunctive Relief:**   "The decision [whether] to grant or deny preliminary injunctive relief is committed to the sound discretion of the trial court." *Fountain v. Kelly*, 630 A.2d 684 (D.C. 1993), *quoting Stamenich v. Markovic*, 462 A.2d 452, 456 (D.C. 1983).  A proper exercise of discretion requires the trial court to consider whether the moving party has clearly demonstrated (1) that there is a substantial likelihood he will prevail on the merits; (2) that he is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order. *Wieck v. Sterenbuch*, 350 A.2d 384, 387 (D.C.App. 1976).

12. **Likelihood of Success on the Merits**:  Plaintiffs seek to enjoin the auction as set forth in the accompanying Complaint on the grounds that Defendant Lenders and Defendant Contractor are not entitled to the amounts stated on the simple bases that the delayed completion and water damage and failure to deliver the Hotel Property in a complete state must be resolved prior to any contemplated sale under the circumstances.  Defendants have purposefully chosen to ignore their breaches to further their own interests and to change the narrative for self-serving purposes.  Amounts allegedly due are substantially inflated because construction draws were knowingly allowed to the benefit of Defendant Contractor and to the

5

166

detriment of Plaintiffs. Additionally, the auction is being conducted by Defendant Substitute Trustee, James Van Horn, who is counsel for Defendant Lenders. The apparent conflict of interest is resulting in a public auction on only 32 days' notice of Hotel Property valued at well over $110,000,000. Plaintiff has substantial questions concerning the legal validity of the Security Instrument modifications and the procedural compliance of the Defendant with District of Columbia foreclosure laws, specifically regarding notice requirements.

13. **Danger of Suffering Irreparable Harm:** Plaintiffs will suffer irreparable harm if the foreclosure sale proceeds as scheduled. The loss of the Property, which includes a 247 room, thirteen-story hotel, cannot be adequately remedied by monetary damages due to its unique nature and the ongoing business operations conducted therein.

14. **Balance of Harms**: The balance of harms weighs heavily in favor of the Plaintiff, as the wrongful foreclosure sale would result in the loss of a significant real estate asset and disrupt existing business operations, while the postponement of the sale imposes minimal harm on the Defendant. As stated in the foreclosure notice, the notice itself allows for 30 days' postponement.

15. **Public Interest:** The public interest supports the issuance of a temporary restraining order to ensure that property rights are not transferred or extinguished without due process and compliance with the governing law.

16. Absent injunctive relief, Plaintiffs do not have an adequate and complete remedy at law. Plaintiffs will be divested of all equity in the Hotel Property by the foreclosure. If a third-party purchase the Hotel Property at auction, then an additional entity will necessarily be involved, to the detriment of all parties.

WHEREFORE, Plaintiffs respectfully request that this Court issue a Temporary

6

Restraining Order, enjoining the Defendant and its agents, employees, successors, assigns, and all

persons acting in concert with them from proceeding with the foreclosure sale of the Property

scheduled for April 25, 2024, and any actions that would alter the status quo of the ownership of

the Property pending a further order of this Court.

Dated: April 19, 2024                     Respectfully Submitted,

                                          BIRCHINGTON, LLC and HABTE SEQUAR
                                          By Counsel

                                          /s./ Stuart L. Peacock Esq.

                                          Stuart L. Peacock, Esq.
                                          LAW OFFICES OF STUART L. PEACOCK
                                          1513 Varnum Street NW
                                          Washington, DC 20011
                                          (202) 714-6800
                                          DC BAR #428908
                                          stuart.l.peacock@gmail.com
                                          *Counsel for Birchington, LLC and Habte Sequar*

<u>CERTIFICATE OF SERVICE</u>

On April 19, 2024, I emailed this motion to all lawyers in the case, and mailed a copy to the the Defendants, as listed below.

<u>VIA ELECTRONIC MAIL TO jvanhorn@btlaw.com</u>

<u>VIA ELECTRONIC MAIL TO JTomevi@barley.com</u>

SSHCOF II WASHINGTON DC, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

PEACHTREE GROUP d/b/a
PEACHTREE HOTEL GROUP II, LLC
Serve: c/o Cogency Global, Inc.,
900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;

JAMES VAN HORN, ESQ.,
Serve: 555 12th Street NW, Suite 1200
Washington, DC 20004; and

KINSLEY CONSTRUCTION, INC.,
Serve: c/o CT Corporation System
1015 15th Street NW, Suite 1000, Washington, DC 20005

Dated: 04/19/2024

<u>/s./Stuart Peacock, Esq.</u>
Stuart Peacock, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BIRCHINGTON, LLC, and HABTE SEQUAR.** | Case No. 1:24-cv-001193 |
| Plaintiffs, | Removed from Superior Court for the District of Columbia |
| v. | |
| **SSHCOF II WASHINGTON DC, LLC, PEACHTREE GROUP d/b/a PEACHTREE HOTEL GROUP II, LLC, JAMES VAN HORN, ESQ., and KINSLEY CONSTRUCTION, INC.,** | Case No. 2024-CAB-002481 |
| Defendants. | |

**NOTICE OF JOINDER**

Defendant Kinsley Construction, Inc., hereby joins in the Amended Notice of Removal

and Request for Referral to the Bankruptcy Court filed by co-Defendants in this matter.

BARLEY SNYDER

Date:  4/24/2024                By:   /s/ *Joshua L. Schwartz*
                                    Justin Tomevi, DC Bar No. 313661
                                    Joshua L. Schwartz, DC Bar No. 501733
                                    100 East Market Street
                                    York, PA 17401
                                    Telephone (717) 846-8888
                                    Email: jtomevi@barley.com
                                    Email: jschwartz@barley.com
                                    Counsel for Plaintiff Kinsley Construction,
                                    Inc

11710881.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a true and correct copy of the Notice of Joinder is being

served via email on the following:

> Stuart L. Peacock, Esquire
> 1513 Varnum Street NW
> Washington D.C. 20011
> 202-714-6800
> Stuart.l.peacock@gmail.com
> *Counsel for Defendant*
> *Habte Sequar*
>
> Paul Quincy, Esq.
> 555 12th Street, NW, Suite 1200
> Washington, D.C. 20004
> Paul.Quincy@btlaw.com
> &
> Lisa Wolgast
> Barnes & Thornburg LLP
> 3340 Peachtree Road NE, Suite 2900
> Atlanta, GA 30326-1092
> Lisa.Wolgast@btlaw.com
> Attorneys for SSHCOF II Washington DC, LLC, and
> Peachtree Group
>
> James Van Horn, Esq.
> 4528 Worthington Manor Wau
> Ellicott City, MD 21043
> Jvanhorn@btlaw.com

> BARLEY SNYDER
>
> */s/ Joshua L. Schwartz*
> Joshua L. Schwartz, Esq.